# Jacob Frankfurter
## v.
# W. H. Bryan.

1. Action for malicious prosecution—Illegal act of justice.—Where appellant instigated the suing out of a State warrant against appellee and the complaint on which it issued contained an accusation of larceny and that only, and the justice of his own motion changed the charge of larceny into one of " disorderly " conduct and imposed a fine. In an action for malicious prosecution, *held*, that appellant could not be held responsible for these illegal acts of the justice, and when appellee chose to dismiss his suit as to the justice, it was error to overrule appellant's motion to exclude the evidence as to such acts.

2. Liability of justice.—The justice in changing the charge from larceny to one of disorderly conduct, acted beyond and outside any authority which the law gave him by reason of the accusation of larceny, and he became as much outside the protection of the law in respect to that act and what followed, as if he had held no office at all. The act itself was by implication a dismissal of the charge of larceny.

3. Where accusation includes offense of inferior degree.—If an accusation includes an offense of an inferior degree, the accused may be acquitted of the higher crime and convicted of the lesser, and in an action of malicious prosecution, a conviction of such inferior offense will be considered as the proximate effect of the original accusation. In the case however of " disorderly " conduct and larceny, no two offenses could be more dissimilar.

4. Malice not legal presumption from want of probable cause.—Malice is not a legal presumption from want of probable cause, and an instruction which invades the province of the jury by indirectly telling them that in the opinion of the court the facts and circumstances in the case would, with the want of probable cause, warrant the inference of malice, is erroneous.

5. Measure of damages—Exemplary damages.—The measure of damages for the legal injury in a case of malicious prosecution, is compensation. In addition to such compensation, the jury may add exemplary or punitive damages, but in fixing the amount they should exercise a fair and reasonable discretion, keeping in view the nature of the wrong committed and the enormity, or otherwise, of such aggravating circumstances as shown by the evidence, rather than the measure of compensation to the plaintiff.

6. Motive.—Where there is probable cause for a prosecution it is not a malicious prosecution in law, no matter with what motive it was carried on.

Appeal from the Superior Court of Cook county; the Hon.

ELLIOTT ANTHONY, Judge, presiding. Opinion filed January 30, 1883.

Mr. S. K. Dow, for appellant; that plaintiff had no need to show the action of the grand jury because the record of the proceedings before the justice, which was offered by plaintiff in evidence, showed the prosecution was ended, and that it terminated in his favor, cited Cardival v. Smith, 109 Mass. 158; Saylis v. Briggs, 4 Metc. 421.

The motive is immaterial, if there be probable cause: Ames v. Snyder, 69 Ill. 376; Wagner v. Aultman, 2 Bradwell, 147.

Damages to be recoverable must be the natural and reasonable result of the defendant's act: Phillips v. Dickerson, 85 Ill. 11; Murphy v. Walters, 34 Mich. 180; Snydacker v. Brosse, 51 Ill. 358; 1 Chitty on Pl. 184; Leigh v. Webb, 3 Esp. 165; McNeeley v. Driskill, 2 Blackf. 259; Cooley on Torts, 70–77.

Mr. H. H. ANDERSON, for appellee; as to instructions, in cases of malicious prosecution, cited Bowen v. Shay, 3 Legal Adviser, 393; Krug v. Ward, 77 Ill. 603; Stevens v. M. C. R'y Co. 26 Eng. L. & E. R. 410; Townshend on Slander and Libel, 3d ed. § 426.

If one through malice and for insufficient cause, cause the arrest of another, he is liable for all the acts of the magistrate before whom the accused is brought, whether they be legal or illegal: Parkhouse v. Forster, 5 Mod. 427; Elsie v. Smith, 2 Chitty R. 305; Barber v. Rollinson, 1 Cr. & M. 328; Lock v. Ashton, 12 Q. B. 875; Bassett v. Bratton, 86 Ill. 157.

McALLISTER, J. This was an action for malicious prosecution and trespass and false imprisonment, brought by appellee Bryan against the appellant Frankfurter, Nicholas Blocks and Henry Harrar, the latter being a justice of the peace, at Niles Centre, Cook county. The defendants appeared and pleaded separately. It appeared on the trial, that defendant Blocks May 19, 1881, made complaint on oath in writing before said

Harrar, and the latter issued a State warrant against Bryan, for the alleged crime of stealing lumber owned by Blocks, of the value of thirty dollars; and both Bryan and Frankfurter resided at Ravenswood, eight miles from Niles Centre; that said warrant was put into the hands of a constable, who arrested Bryan thereunder, and took him before said justice to be examined touching said charge; that Blocks appeared but had no attorney; that Frankfurter and his wife were summoned as witnesses and attended; that a hearing was had May 20, 1881, before said justice. The plaintiff below gave in evidence, the transcript from said justice's docket of said proceedings, from which it does not appear expressly that the justice dismissed said charge of larceny, as not being sustainable, but it affirmatively appears therefrom that the justice changed said charge into that of "disorderly" and upon this latter charge fined Bryan three dollars and costs. It appears that thereupon Bryan asked for an appeal; but the justice refused to allow him any time for appeal, and told him if he did not pay the costs he would send him to jail, and proceeded to issue an execution against property on said judgment, delivered it to the constable who immediately returned it, "no property found;" that thereupon Harrar issued a mittimus, in which it was recited that Bryan had been found guilty of stealing lumber belonging to Blocks, and fined three dollars and costs; and that he, Bryan, having failed to give bail in the sum of two hundred dollars, for his appearance at the next term of the criminal court, therefore the constable was commanded to take him to the county jail, etc. It appears that the justice put this so-called mittimus into said constable's hands, upon which he took Bryan into custody, compelling him to walk from Niles Centre to Ravenswood, where Bryan got a vehicle, and was conveyed to the county jail, but about ten o'clock that night was released from custody, upon entering into recognizance in the criminal court. The plaintiff gave evidence that the grand jury returned no bill, and that Bryan was discharged by the criminal court.

There was no evidence tending to show that either Blocks or Frankfurter requested or in any manner directed the justice

to change the charge in the warrant to that of "disorderly," or impose said fine, or issue any execution against the property of Bryan, or to issue the so-called mittimus; but the evidence shows that the justice did all of those things upon his own motion. Neither was there any evidence tending to show that either Blocks or Frankfurter directed or in any manner participated in anything that was done by, or under such mittimus; or that they or either of them subsequently ratified any of said acts of the justice or constable.

It appears by uncontradicted evidence that Frankfurter had left the justice's office and gone home before said so-called mittimus was issued and that he knew nothing about it. The evidence as to the issuing of the mittimus, and the subsequent acts thereunder, was admitted against the objection of Frankfurter's counsel, and it was so admitted on the ground that Harrar, the justice, was a party defendant. But when it was all in, the plaintiff dismissed his suit as to the justice Harrar, thus leaving Blocks and Frankfurter as the only defendants; the counsel for the latter thereupon moved the court to exclude from the jury all the evidence relating to the issuance of said mittimus, and all acts thereunder as incompetent so far as Frankfurter was concerned. The court overruled the motion; to which exception was taken. And that presents the first point for consideration, on this appeal of Frankfurter, against whom judgment for eight hundred dollars was given below.

If this appellant was not responsible for the issuing that mittimus, and what was done under it, upon some other ground than that of an actual participation in, or subsequent ratification of those acts, then the court erred in overruling the motion to exclude the evidence as to those acts. Now, it is true that there was evidence tending to show that the appellant instigated the suing out of the State warrant, against Bryan, by Blocks. The complaint on which it issued, contained an accusation of larceny, and that only. The warrant was solely upon the charge of larceny. The question therefore arises, whether the action of the justice in fining Bryan for disorderly conduct, (if that is what the term, "disorderly,"

Frankfurter v. Bryan.

means), and the issuing of the several processes thereupon which were issued, can be considered as natural and proximate results of the original accusation of larceny, and the State warrant issued thereupon. If the offense of disorderly conduct is to be regarded in law, as an offense of an inferior degree, and included in the accusation of larceny, a conviction of such inferior offense might properly be considered as a proximate result of the accusation of larceny. For it is a general rule, that if the accusation includes an offense of an inferior degree, the accused may be acquitted of the higher crime, and convicted of the lesser. Prindiville v. The People, 42 Ill. 217. The general definition of disorderly conduct, as given by the statute, is thus: " Whoever shall be guilty of open lewdness, disorderly conduct, or other notorious act of public indecency tending to debauch the public morals, shall be fined not exceeding $200." To say that such an offense as that is included in an accusation of larceny, would be the extreme of absurdity. Who ever heard of a party being convicted, in any respectable court, of the offense of disorderly conduct, under an indictment for larceny? The essence of larceny is the felonious taking the property of another without his consent, and against his will, with intent to convert it to the use of the taker. In a great majority of the cases, the felonious intent is shown, by the fact that the taking was done clandestinely, stealthily. On the other han l, it is indispensable to the offense of disorderly conduct, that the acts of the accused were open, notorious, and thus, and from their nature, tend to debauch the public morals. No two offenses could be more dissimilar.

It follows, therefore, that when the justice changed the charge of larceny into one of disorderly conduct, he acted beyond and outside any authority which the law gave him, by reason of the accusation of larceny being pending before him. Addison on Torts, 4th ed. 606; Martin v. Pridgeon, 1 Ellis & Ellis, 778, 102, E. C. L. 776; Rogers v. Jones, 3 Barn. & Cress. 409. He did this of his own motion, and the act itself was, by implication, a dismissal of the charge of larceny. When he got to that point he should have stopped, and let

all the parties go their way. He should at least have discharged Bryan. But the legal result is, that what he did amounted to a termination of the prosecution which Blocks had instituted. The force which had been set in motion, by means of the State warrant, was brought to a termination; it was spent, and a new one started by the independent will and voluntary action of the justice. If any one was liable to Bryan for the consequences which followed, it was the justice alone. The case, which was regularly brought before him was that arising upon the complaint for larceny. Under that he had jurisdiction to order the accused discharged, if the evidence failed to show probable cause, or if it showed probable cause, to so find, and require him to give bail to the criminal court. He did neither, but of his own motion changed the charge into "disorderly," and imposed a fine.

In that he overstepped the boundary of his judicial authority, and became as much outside the protection of the law, in respect to that act and what followed, as if he held no office at all: Cooley on Torts, 417, nor was there even a colorable authority for so doing.

But when Bryan chose to dismiss his suit, as to the real author of that wrong and its consequences, the court should have granted the motion on behalf of Frankfurter, to exclude from the jury all the evidence which had been given, tending to prove such wrong and its consequences, because neither of the remaining defendants was responsible therefor. That motion was denied by the court, and there was not even an instruction by the court directing the jury to disregard it; and if there had been, it would not cure the error. The Lafayette, B. & M. R. R. Co. v. Winslow, 66 Ill. 219; Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402.

At the instance of the plaintiff the court gave this instruction to the jury: "They are further instructed that, if they believe from the evidence and circumstances proved on this trial, that the defendants had not probable cause for prosecuting the plaintiff, and that they did prosecute him as charged in the declaration, then, the jury may, from such want of probable cause and from all the facts and circumstances in the case, infer malice."

Frankfurter v. Bryan.

Unless malice is a legal presumption from the want of probable cause, this instruction was wrong. But malice is not a legal presumption from want of probable cause, and it does not necessarily follow from the want of probable cause: Harpham v. Whitney, 77 Ill. 32. That being so, the last clause in the instruction should have been followed with the hypothesis that such facts and circumstances were sufficient, with the want of probable cause to warrant the inference of malice. As it was given, the instruction invades the province of the jury by indirectly telling them that, in the opinion of the court, the facts and circumstances in the case would, with the want of probable cause, warrant the inference of malice.

The court gave to the jury the following instruction for plaintiff: " The jury are further instructed, that if they believe from the evidence that the plaintiff, up to the time of his arrest, bore a good reputation for honesty, and that the defendants knew his reputation to be such up to the time of his arrest; then that fact is a proper one to be considered by the jury in connection with the other evidence in the case in determining whether, or not, the defendants had probable cause to believe and did believe that he was guilty of the crime charged against him." There had been no evidence introduced by either the defendants or the plaintiff, upon the question of the plaintiff's reputation for honesty or otherwise. For that reason the instruction should not have been given.

The court also gave for the plaintiff, the following: " If the jury, under the evidence and the instructions of the court, find the defendants guilty in this case, in assessing the plaintiff's damages they are not confined to such damages as will compensate the plaintiff for such injuries as the evidence shows he had received by reason of the arrest and imprisonment charged in the declaration, but they may in addition thereto, assess against the defendants, by way of punishment to them, and as an example to others, such damages as the jury in their sound judgment, under all the evidence in the case, believe the plaintiff has sustained; not exceeding in any event, the amount of damages claimed in the declaration, provided the jury believe from the evidence that the arrest was

caused by the defendants maliciously, and without probable cause."

This instruction is obnoxious to two objections:  First, it indirectly tells the jury to give the plaintiff compensation for such injuries as the evidence shows that he had sustained by reason of the arrest and imprisonment charged in the declaration.  Now, the arrest of the plaintiff upon said mittimus, and his imprisonment thereunder, were charged in the declaration, for which, as we have seen, the defendants, Blocks and Frankfurter, were not legally responsible.  The damages should have been limited to those arising from the arrest and imprisonment under the State warrant.  Secondly: The instruction lays down the wrong principle, upon which punitive or exemplary damages should be assessed; viz., in proportion to the actual damages which the plaintiff had sustained.  If followed, the jury would simply duplicate plaintiff's compensatory damages.

The rules which we derive from the authorities, as applicable to a case like this, are these: For the legal injury, which of course would include all the natural and proximate consequences, the measure of redress is compensation.  And in addition to such compensation the jury may add exemplary or punitive damages; but in fixing the amount they should exercise a fair and reasonable discretion, keeping in view the nature of the wrong committed, and the enormity, or otherwise, of such aggravating circumstances as may be shown by the evidence, rather than the measure of compensation to the plaintiff.  Day v. Woodworth, 13 How. U. S. 363; Sedgwick on Damages, 6 ed. 538–9.

The court, of its own motion, gave this instruction: "The prosecution of a person with any other motive than that of bringing a guilty party to justice, is a malicious prosecution in law."  This was wrong because it omitted the hypothesis of want of probable cause.  If there be probable cause for a prosecution, it is not a malicious prosecution in law, no matter with what motive it was carried on.  For the reasons stated the judgment of the court below must be reversed and the cause remanded.

Judgment reversed.