# Chambliss *v.* Blau.

### *Action for Malicious Prosecution and Slander.*

1. *Malicious prosecution; mistake of justice of peace; liability of prosecutor.*—Where one makes a complaint to a justice of the peace of a wrong done him without declaring the commission of any specific offense, and at the request of the justice he makes an affidavit which fails to charge a crime, but the justice of the peace, by a mistake of judgment and thinking a crime was charged, issued a warrant of arrest accordingly, under which the party referred to is arrested, the party who made the complaint is not liable in damages to the person arrested for malicious prosecution or false imprisonment.

2. *Slander; witness testifying to facts not liable.*—Where in a trial for larceny the person whose property was taken, while being examined as a witness, states that the defendant "stole" his property, and then by way of explanation further testifies as to the manner in which the property was taken, which explanation shows that there was no larceny committed, such testimony does not constitute slander, rendering said person liable in damages therefor.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellant, N. M. Chambliss, against the appellee, Peter Blau. The complaint as originally filed contained three counts. The plaintiff withdrew the third count and added a fourth count, and the cause was tried upon the plea of the

general issue to each of the counts. Said counts were as follows: 1. "Plaintiff claims of the defendant one thousand dollars damages, for maliciously, and without probable cause therefor, causing the plaintiff to be arrested and imprisoned on a charge of larceny of fodder for the period of one hour, on or about the first day of April, 1898."

2. "The plaintiff claims of the defendant the further sum of one thousand dollars damages, for maliciously and without probable cause therefor causing the plaintiff to be arrested under a warrant by one J. D. Payne, a justice of the peace on the first day of April, 1898, on a charge of larceny, which charge before the commencement of this action had been judicially investigated and said prosecution ended and the plaintiff discharged."

4. "The plaintiff claims of the defendant the further sum of one thousand dollars damages for falsely and maliciously charging the plaintiff with larceny of some fodder from the defendant's premises by speaking of and concerning him in the presence of divers persons in substance as follows: 'That plaintiff had on or about the 1st day of April, 1898, gone upon defendant's premises and stolen defendant's fodder,' and plaintiff avers that the said charge relates to the same charge set forth in counts No. 1 and No. 2 in this complaint."

The alleged wrong complained of by the plaintiff was that he was arrested under a warrant charging him with larceny, which warrant recited that the charge of larceny was preferred by the defendant in the person of said Peter Blau. It was shown that upon the trial before the justice of the peace who issued the warrant, the defendant was discharged. The other facts of the case are sufficiently stated in the opinion.

The court, at the request of the defendant, gave the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted. There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

J. W. Bush, for appellant, cited *Hall v. Posey,* 79 Ala. 84; *Sanders v. Edwards,* 98 Ala. 157; *E. T. V. & Ga. R. Co. v. Turvaville,* 97 Ala. 122.

Bowman & Harsh, *contra,* cited 14 Amer. & Eng. Encyc. of Law, 51, note 5; *Hahn v. Schmidt,* 64 Cal. 284; Newell on Mal. Pros. 14; Newell on Def. Slander & Libel, 191 *et seq.*; Townshend on Slander and Libel, (4th ed.) 339; 13 Amer. & Eng. Encyc. of Law, 408.

HARALSON, J.—1. The undisputed evidence shows that defendant, when he went before the magistrate to make complaint, did not charge plaintiff with larceny. He merely stated to that officer, that plaintiff had gone on his place and taken away a lot of his fodder, without his consent, claiming that he had bought it from John Phillips, a tenant on the place, who had gone away without paying his rent, and he, defendant, wanted to get damages for it. The affidavit he made did not charge larceny, but, if anything, a trespass,—its language being, that "within twelve months before making this affidavit, in said county, N. M. Chambliss did enter his premises and carry away a lot of fodder of the value of five dollars," etc. It is true the justice issued a warrant of arrest of plaintiff for larceny on this complaint of defendant; but the justice testified, that he made out the warrant after defendant left. There is no evidence that defendant ever saw the warrant, or that he ever made an affidavit for the issuance of a warrant for larceny. The magistrate as appears, committed a mistake and transcended his authority in issuing such a warrant on the information given him and the affidavit made by defendant. There can, therefore, be no recovery against defendant on account of such a mistake made by the magistrate in issuing a warrant against plaintiff for larceny. This disposes of counts one and two of the complaint.—*Hahn v. Schmidt,* 64 Cal. 284; *Newman v. Davis,* 58 Iowa, 447; *Lark v. Baude,* 4 Mo. App. 186; *Frankfurter v. Bryan,* 12 Ill. App. 549.

[Chambliss v. Blau.]

2. There can be no recovery on the remaining fourth count charging slander. There is no proof to sustain the allegation that defendant made such a charge, except that while being examined as a witness on the trial before the magistrate, he may have used some such expression as that plaintiff stole his fodder. The witness, Ward, testified that defendant testified before the magistrate that plaintiff had gone on his premises and stole his fodder in the following manner,—that plaintiff claimed to have bought the fodder from witness' tenant, who left his place without paying his rent, and that the fodder belonged to witness, and after plaintiff had taken away a part of the fodder, he was warned by witness not to take away any more, but, nevertheless, plaintiff went on witness' place and took the balance of his fodder without his consent. The plaintiff was examined and testified that defendant when examined before the magistrate, testified that he, plaintiff, had gone on his, defendant's premises, and taken a lot of his fodder without his consent, and there were a lot of people present at the time. He did not testify that defendant had testified that plaintiff had stolen the property. Such testimony is privileged, and will not support an action of slander. In his work on Slander and Libel, p. 339, § 223, Mr. Townshend very correctly, as we conceive, lays down the doctrine to be, that "The due administration of justice requires that a witness should speak, according to his belief, the truth, the whole truth and nothing else but the truth, without regard to the consequences; and he should be encouraged to do this by the consciousness that, except for any wilfully false statement, which is perjury, no matter that his testimony may in fact be untrue, or that loss to another ensues by reason of his testimony, no action of slander can be maintained against him. It is not simply a matter between individuals, it concerns the administration of justice. The witness speaks in the hearing and under the control of the court, is compelled to speak, with no right to decide what is material or what is immaterial; and he should not be subject to the possibility of an action for his words. This is the view in the courts of England and some of the States, and in

[Hamil v. American Freehold Land Mortgage Co.]

our opinion is the correct view." To the same effect is Odgers on Libel and Slander, * p. 191; Newell on Def., Slander and Libel, p. 449, § 43. See also 13 Am. & Eng. Ency. Law, 408 (Witnesses), where the decisions of many of the States are collated.

This count contained no averment that the charge against plaintiff, attributed to defendant, was wilfully false,—nothing upon which perjury could be predicated.

There was no error in the general charge given for defendant.

Affirmed.