# Southern Express Co. *v.* Couch.

### *Action for Malicious Prosecution.*

1. *Action for malicious prosecution; admissibility of evidence.*—In an action against the Southern Express Company to recover damages for malicious prosecution, where the principal issue in the case was as to whether the defendant had instigated or encouraged the prosecution of the plaintiff for robbing an express car, inquiries and statements addressed by the detective or special agent of the defendant to a witness, after the plaintiff had been arrested and before his discharge, concerning plaintiff's movements and expenditure of money recently after the robbery, are competent and admissible in evidence as indicating that the defendant employed efforts to obtain evidence for use in said prosecution.

2. *Same; same.*—In such a case, it is competent for the plaintiff on cross examination of the person who swore out the warrant for his arrest, to show that the special agent or detective in the employment of the defendant expressed the opinion to such person that he had sufficient evidence to convict the plaintiff of the robbery charged.

3. *Same; same.*—In such a case, it is competent for the defendant to show that the person, upon whose affidavit the warrant of arrest of the defendant was sued out, before making said affidavit and suing out such warrant, submitted fully and fairly all the facts in regard to plaintiff's guilt to a reputable practicing attorney, and was by him advised that the evidence

[Southern Express Co. v. Couch.]

was sufficient to justify plaintiff's conviction; such evidence
having a tendency to show that the prosecution of the plain-
tiff was by such person independent of defendant's influence.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee, Robert
Eugene Couch, against the Southern Express Company.
The complaint as originally filed contained two counts.
In the first count the plaintiff sought a recovery
of $20,000 damages for malicious prosecution. In the
second count the plaintiff sued to recover $20,000 for
false imprisonment.

The court gave the general affirmative charge in favor
of the defendant on the second count. The defendant
pleaded the general issue, and the cause was tried upon
issue joined upon this plea.

It was shown by the evidence that on May 14, 1898,
an express car attached to the train of the Alabama
Great Southern Railroad Company was robbed in Sum-
ter county, Alabama; that the Southern Express Com-
pany offered a reward for the apprehension and convic-
tion of the persons who robbed said car; that one W. H.
Mothershed, on August 12, 1898, made out an affidavit
before the probate judge of Sumter county charging the
defendant with the robbery, and upon this affidavit a
warrant for the arrest of the plaintiff as one of the rob-
bers was issued and was executed in Birmingham; that
the plaintiff, after being arrested under said warrant
and detained in the Jefferson county jail, was carried to
Sumter county, where he remained in jail for thirty or
forty days; that he was subsequently discharged on
*habeas corpus* proceedings, and has never been required
to answer an indictment for train robbery and has never
been arrested since upon said charge.

The plaintiff testified as a witness in his own behalf
that he had nothing to do with the train robbery and
knew nothing about it, and there was other evidence
tending to show that the plaintiff was not guilty of said
robbery. There was·evidence on the part of the plain-
tiff tending to show that his arrest and prosecution was
instigated and encouraged by the defendant through its

authorized agents.  It was shown that P. R. Burns was
a detective or special agent in the employ of the defend-
ant, and his duties were to ferret out crimes which were
committed against the defendant company.  There was
some evidence on the part of the plaintiff tending to
show that the said Burns, who was investigating the
train robbery in question, had authority and power to
cause the arrest of persons whom he suspected of of-
fenses committed against the Express Company, and
against whom he believed he had sufficient evidence to
convict them, and that said Burns counselled and ad-
vised the arrest of the plaintiff.

The defendant's evidence tended to show that the de-
fendant had nothing to do with the arrest of the plaintiff;
that the prosecution was commenced and the arrest
made by Mothershed on his own responsibility, and that
the defendant expressly refused to instigate the prosecu-
tion or to cause the arrest of the plaintiff.  There was
other evidence for the defendant tending to show that
Burns was without authority to cause the arrest or
prosecution of any one suspected of crime against the
company.

During the examination of one J. W. Wilson, a wit-
ness for the plaintiff, he was asked to state a conversa-
tion had between him and P. R. Burns, the defend-
ant's special agent, about the plaintiff Couch.  This
conversation was shown to be after the arrest of the
plaintiff.  The defendant objected to this conversation,
upon the ground that the declarations of Burns were
not competent evidence against the defendant.  The
court overruled the objection and the defendant duly
excepted.  The witness stated that Burns asked him
if he knew the plaintiff, if he had ever seen him have
any money, and when, and if he had ever seen him
when he was spending money recklessly, and stated
to him in the same conversation that Couch was sus-
pected of the train robbery and had been arrested.
The defendant moved to exclude this testimony from
the jury, and duly excepted to the court's overruling
the motion.  The other evidence of the case pertaining
to the other rulings of the court upon the evidence,
which are reviewed by the court upon the present ap-
peal, are sufficiently stated in the opinion.

The court at the request of the plaintiff gave to the jury several written charges. The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give the general affirmative charge in its favor requested by it.

There were verdict and judgment for the plaintiff, assessing his damages at $1,750. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALEX. T. LONDON and JOHN LONDON, for appellant. The defendant should have been allowed to prove by Mothershed that before suing out the warrant he solicited a practicing attorney, and after making a full statement to him, was advised that the evidence was sufficient to justify conviction.—*Robertson v. Bradford,* 73 Ala. 116; *Chandler v. McPherson,* 11 Ala. 916; *Huntsville Belt Line v. Corpening,* 97 Ala. 681.

The expression of opinion by the special agent of the defendant that Mothershed had sufficient evidence to convict the plaintiff was not admissible in evidence. 14 Amer. & Eng. Encyc. of Law, 51.

BOWMAN & HARSH, *contra.*—The court did not err in refusing to allow the defendant to prove that Mothershed solicited a reputable attorney, and was advised that there was sufficient evidence to justify a conviction before he swore out the warrant.—Newell on Malicious Prosecution, pp. 318, 319, 320, 321; *McLeod v. McLeod,* 73 Ala. 42; 14 Amer. & Eng. Encyc. of Law, (1st ed.), 53.

SHARPE, J.—An actionable wrong involves liability to one by whom its commission has been incited or encouraged, as well as to its immediate perpetrators. Bishop Non Contract Law, §§ 523, 524. This general principle applies to cases of malicious prosecution. *Porter v. Martyn,* (Tex.), 32 S. W. Rep. 731; 19 Am. & Eng. Ency. Law, 692.

It was possible for the defendant Express Company to have instigated or encouraged the prosecution here

[Southern Express Co. v. Couch.]

complained of without ostensibly appearing therein, and for it to have done so through an agent lacking authority to actually install the defendant as the prosecutor. Its special agent Burns, though disclaiming authority to order an arrest and prosecute in its behalf, testified his duties "required him whenever a theft or robbery had been committed, to investigate the matter, and if possible find out who the robbers were and bring them to justice." Inquiries and statements addressed by him to Wilson, if made, as some evidence tends to show, after the plaintiff had been arrested and before his discharge, concerning plaintiff's movements and expenditures of money recently after the robbery, were proper to be proven as indicating that defendant employed efforts to obtain evidence for use in the pending prosecution.

The question asked on the cross-examination of Mothershed as to whether Burns expressed the opinion that he, Mothershed, had sufficient evidence to convict this plaintiff of the robbery, was not subject to the objection. It called for testimony relevant upon the issue towards which the evidence on both sides was mainly directed, viz., whether the Express Company through its agents induced or encouraged Mothershed to prosecute.

But though defendant's conduct may have been calculated to further the prosecution, it was harmless if it did not conduce to that end. If Mothershed prosecuted independently of defendant's influence and solely of his own volition or on the advice of others, defendant is not liable for that action whatever its own efforts or motives may have been. As tending to show he did so, defendant should have been allowed to prove, according to its offer, that he submitted fully and fairly all the facts in regard to plaintiff's guilt to a responsible practicing attorney, and was by him advised that the evidence was sufficient to justify conviction. Direct authority for the admission of such evidence is found in *Chandler v. McPherson*, 11 Ala. 916, where, as here, the plaintiff's theory was that the defendant maliciously caused a third person to commence a prosecution. On the trial of that case the evidence was admitted against the objection to effect that the ostensi-

19c

ble prosecutor Mrs. Formby made a statement of facts pertaining to the case to an attorney and thereupon was by him advised that she could sustain a prosecution. This court justified the admission of that evidence, saying: "We think the testimony of the legal adviser of Mrs. Formby was admissible, not for the purpose of relieving the defendants from the imputation of malice, for there is no evidence to show that they were cognizant of this advice; but the testimony might have been considered by the jury upon an inquiry whether Mrs. F. was influenced by the counsel of the attorney or the prompting of the defendants. It may be that the defendants first instigated the prosecution, yet the prosecutor may have availed herself of the *locus penitentiae,* and would not have become an actor but for the professional advice she received. If this hypothesis is well founded, then the defendants cannot with any propriety, be said to have caused or procured the prosecution of the plaintiff although they may have urged it; and no recovery could be had against them even if proof of malice and want of probable cause were satisfactorily established."

We adopt the opinion quoted, and hold accordingly that in disallowing the evidence of legal advice received by Mothershed there was error for which the judgment must be reversed.

Questions raised as to the sufficiency of the evidence we forbear to discuss, since the evidence may be different on another trial.

Reversed and remanded.