# Emerson *v.* Lowe Mfg. Company.

*Malicious Prosecution and False Imprisonment.*

(Decided Feb. 18, 1909. Rehearing denied April 6, 1909. 49 South. 69.)

1. *False Imprisonment; Grounds.*—Where a person is arrested under a warrant valid on its face based upon a complaint, sufficiently designating the offense, and issued by a justice of the peace, having jurisdiction of the offense tried, such person cannot maintain an action for false imprisonment.

2. *Evidence; Motive or Intention; Competency.*—Where the superintendent of the defendant testified that he swore out the warrant on his own responsibility, such testify related to the capacity in which he acted, and not to his intention or motive, and was consequently admissible.

3. *Same; Res- Gestae.*—Where, in a conversation between the superintendent of the defendant and an attorney, relative to the swearing out of a warrant for the arrest of the plaintiff, the statement made in such conversation by the superintendent that the defendant did not want the plaintiff arrested, was admissible as a part of the res gestae, especially in view of the fact that the superintendent is then seeking legal advice as to arresting the plaintiff, although without this the latter statement would not have been admissible by itself.

[Emerson v. Lowe Mfg. Company.]

4. *Malicious Prosecution; Evidence.*—Where the warrant upon which plaintiff was arrested was sworn out by the superintendent of the defendant, the duty is upon the plaintiff to show to the reasonable satisfaction of the jury that the affidavit upon which the warrant is issued was made by defendant's authority, and hence, it was error to charge that that fact must be shown to the satisfaction of the jury.

5. *Same; Liability of Corporation; Authority of Agency to Institute.*—Independent of his inherent powers and duties, a superintendent must have had authority to swear out a warrant in order to render his corporation liable for his acts in doing so.

6. *Same; Misleading Instructions.*—Where the warrant for plaintiff's arrest was sworn out by a superintendent of the defendant, a charge instructing a finding for defendant if the affidavit upon which the warrant is based, was made without defendant's authority, is misleading, since independent of the authority resulting from the superintendent's duties, the authority to swear out the warrant was essential to render the defendant liable; yet, such charge will not cause a reversal as the duty was upon the other party to ask charges explanatory thereof.

7. *Same; Malice; Evidence.*—Malice cannot be implied in the institution of a prosecution when it was done in the exercise of a legal right.

8. *Charge of Court; Assuming Fact.*—A charge asserting that if plaintiff remained in the defendant's house after his term had expired defendant could sue to recover the house, did not assume any fact.

(Anderson and McClellan, JJ., dissent in part.)

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by J. A. Emerson against the Lowe Manufacturing Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The controverted facts sufficiently appear in the opinion of the court. At the request of the defendant, the court gave the following charges: (5) "The plaintiff must show to the satisfaction of the jury that the affidavit of Finney, upon which the warrant was issued for the arrest of the plaintiff, was made with authority of this defendant, or that the defendant thereafter ratified the action of Finney." (7) "If the jury find from the evidence that the affidavit for the arrest of the plaintiff was made without the authority of this defendant,

[Emerson v. Lowe Mfg. Company.]

the verdict should be in favor of the defendant." (10) "If the plaintiff remained in the house after his term of renting expired, the defendant had the right to bring suit for the recovery of the house, and the fact of bringing a suit for this purpose is not evidence of malice against the plaintiff.

JAMES H. BALLENTYNE, for appellant. The court erred in allowing Finney to testify that he swore out the warrant against Emerson on his own responsibility.—*Southern Express Co. v. Couch,* 133 Ala. 288; 1 A. & E. Ency of Law, 990; *Southern C. & F. Co. v. Adams,* 131 Ala. 160. The court erred in giving charge 5 requested by defendant.—*Southern C. & F. Co. v. Adams, supra; Southern Express Co. v. Couch, supra;* 46 N. Y. 24; *U. S. F. & G. Co. v. Charles,* 131 Ala. 662; *Moore v. Heineke,* 119 Ala. 640; *L. & N. v. Sullivan T. Co.,* 126 Ala. 103; *Torrey v. Berney,* 113 Ala. 504; *Rowe v. Baber,* 93 Ala. 426. Charge 7 should not have been given. —*B. R. L. & P. Co. v. Mullin,* 138 Ala. 614; *Wellman v. Jones,* 124 Ala. 558. The giving of charge 10 was error, *Wellman v. Jones, supra; National Surety Co. v. Mabry,* 139 Ala. 217.

LAWRENCE COOPER, and GEORGE P. COOPER, for appellee. Malicious prosecution will not lie since the affidavit charges no offense.—*Chambliss v. Blair,* 127 Ala. 86. The warrant was regular on its face, issued by proper, authority, and the arrest was by an officer charged with that duty, hence false imprisonment will not lie.—*Leib v. Shelby I. Co.,* 97 Ala. 626; *Rhodes v. King,* 52 Ala. 272. There was probable cause for believing appellant guilty.—*Lunsford v. Dietrich,* 93 Ala. 565. Prosecution was advised by competent counsel upon full statement of the facts.—*McLeod v. McLeod,* 73 Ala. 42;

*Motes v. Bates,* 80 Ala. 382; *Shannon v. Sims,* 146 Ala. 673; *O'Neal v. McKenna,* 116 Ala. 606.   Counsel discuss other assignments of error, but without citation of authority.

McCLELLAN, J.—Action for damages for false imprisonment and for malicious prosecution by appellant against appellee.   The general affirmative charge for the defendant might well have been given upon the counts for false imprisonment.   The undisputed evidence shows that the warrant, under the command of which plaintiff was arrested by an officer, was valid on its face, was issued by a justice of the peace having jurisdiction of the case and of the offense imputed, and upon a complaint (the original) sufficiently disignating the offense created by Code 1896, § 4757 (Code 1907, § 7342), as such disignation is permitted, in prosecutions before justices, by Code 1896, § 4000 (Code 1907, § 6703).. *Lieb v. Shelby Iron Co.,* 97 Ala. 626, 12 South. 67.   We therefore treat the appeal without reference to the counts for false imprisonment.

The prosecution was commenced by C. D. Finney. Finney, some of the testimony tended to show, was the superintendent of the defendant and as such had the general authority and power of the defendant to rent its cottages and lands or lots and to collect the rents therefore.   At the same time the affidavit charging plaintiff with a violation of Code 1896, § 4757, was sworn out by said Finney, he also made, as superintendent of the defendant, an affidavit to induce the issuance by the justice of the peace of a writ of attachment for the purpose of collecting the rent alleged to be due from plaintiff to the defendant company.   The defendant insisted that Finney's act in instituting the prosecution was the result of his own motion and individual purpose, and in-

dependent of his relation to defendant; and the plaintiff insisted that Finney's act was in the line and scope of his authority as superintendent, and was so taken, and hence was the defendant's act. Upon this vital issue, to be determined by the jury as the facts and circumstances appear from this record, Finney as a witness made the statement that "he swore out the warrant against Emerson on his own responsibility." The motion of the plaintiff to exclude the statement, because illegal, was overruled, and exception was reserved. This action of the court was error. The statement was of the essence of the issue to be decided by the jury. It was not only a conclusion of the witness, but was also the announcement, as evidence, of the secret motive or intention that inspired his act in the premises. All of the justices, except Justice ANDERSON, who agrees with the writer on this point, are of the opinion that this statement was one relating to the capacity in which the witness acted, and not his intention or motive, and was admissible. What took place, in the conversation between Finney and Solicitor Taylor, with reference to the swearing out of the warrant by Finney against plaintiff, was of the res gestæ of that act, and was properly admitted. While, if taken alone, the alleged fact that the mill did not want Emerson arrested would not have been admissible, yet, under the rule referred to, was, especially in the aspect that legal advice in the premises was then being sought.

Charge 5, given at the request of the defendant, was erroneous, since it required the jury to be satisfied of the hypothesized fact; whereas the legal condition to a recovery by plaintiff was that the jury should have been reasonably satisfied.—*Moore v. Heincke,* 119 Ala. 627, 640, 24 South. 374. The charge is probably subject to other criticisms.

[Emerson v. Lowe Mfg. Company.]

Charge 7, given at the request of the defendant, might well have been refused, because calculated to mislead the jury, in that authority, aside from that inhering (if so) in the powers and duties conferred on Finney by the defendant, was essential to render the defendant liable for Finney's act in the premises. However the giving of the charge, merely calculated to mislead, was not error. The plaintiff should have asked an explanatory charge.

There was no error in giving charge 10, requested by the defendant. It did not assume any fact, but hypothesized only the remaining of Emerson in the house after his term of renting had expired. The exercise of a legal right can never afford ground for the imputation of malice.

There is no merit in the other errors assigned. The alleged effort of the plaintiff to pay the claim for rent, as now appears, was rent for the "house," and not rent of the "land."

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, DENSON, MAYFIELD, and SAYRE, JJ., concur.

ANDERSON, and McCLELLAN, JJ., dissent in part.