(130 So. 768)

**ASKIN & MARINE CO. et al. v. LOGAN.**

**6 Div. 700.**

Court of Appeals of Alabama.
June 10, 1930.

Rehearing Denied June 30, 1930.

Patrick & Appelbaum and Richard H. Fries, all of Birmingham, for appellee.

SAMFORD, J.

Under the decisions in McCarty v. Williams, 212 Ala. 232, 102 So. 133, and Wells Co. v. Lane, 22 Ala. App. 269, 115 So. 74, we must hold that counts 3, 4, and 5 state a good cause of action and are not subject to the grounds of demurrer assigned. The writer is of the opinion that proper consideration was not given to count C in McCarty v. Williams, supra, but that is "water that has gone under the bridge." The suggestion is here made that the attention of the Supreme Court may again be directed to it. 38 Corpus Juris, 469 (130).

In actions for malicious prosecutions growing out of the suing out of attachment or garnishment, as in all other actions for malicious prosecutions, *malice* on the part of defendant must be alleged and proved. McCarty v. Williams, supra. But in such actions growing out of the suing out of attachment or garnishment, the malice of the agent will not. be imputed to the principal and mere knowledge on the part of the principal, of an agent's unauthorized action, will not make silence, or mere noninterference, in all cases, amount to ratification. M. & M. Ry. Co. v. Jay, 65 Ala. 113. Unless there is some evidence showing or tending to show that a principal knew and participated in the act from which malice might be legally implied in the suing out of the attachment, there can be no recovery against him. In other words, the rule still obtains in actions for malicious prosecution based upon the suing out of attachments that: "Wanton and malicious acts of an agent impose no liability on the principal unless done under the direction or with the asent of the principal." Gilliam v. S. & N. N. A. R. Co., 70 Ala. 268; 2 Corpus Juris 854 (537). "When an agent is authorized to sue out a writ of attachment, and does so wrongfully the principal is liable for actual damages, but is not liable for punitive damages based on the malice of the agent not shared in by the principal. * * * As thus recognized, it seems to be a limited survival of a once general rule, based on the English case

Jacobs & Carmack, of Birmingham, for appellants.

of McManus v. Crickett, 1 East, 106." So. Ry. Co. v. Beaty, 212 Ala. 608, 103 So. 658, 663. The rule as above stated finds recognition in the recent case of Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42. In the instant case there is an entire absence of any evidence tending to show malice on the part of defendant Askin & Marine Company. No officer of the corporation is shown to have known plaintiff, to have directed the attachment, or even knew that the attachment had been issued. Defendants' agent charged with the collection of debts due the corporation did, it appears, institute an attachment against plaintiff's wages, and it further appears that such suit was wrongful, but there is nothing to impute malice to the defendant Askin & Marine Company. On this ground we hold that the defendant Askin & Marine Company was entitled to the general charge as requested.

Again, the malicious wrong averred in counts 3, 4, and 5 is the malicious wrong of defendants themselves, as contra-distinguished from the wrong of the servant or agent only for the consequences of which the defendant is responsible merely because of the relation of principal to the agent who actually committed the act complained of. To sustain these counts proof of actual malice on the part of defendants towards plaintiff was essential. No such proof was had. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389.

As laid down in the law books, the elements of the tort of malicious prosecution are: (1) The commencement or continuance of an original, criminal, or civil action. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding and the presence of malice on the part of the present defendant. (5) Damages conforming to legal standards resulting to plaintiffs. If any of the foregoing elements are lacking, there can be no recovery. The law does not lend itself to the prosecution of a suit for damages for a malicious prosecution where that suit is but a retaliation on the part of plaintiff, based upon a suit where defendant was bona fide attempting to enforce a claim on which an adjudication was sought in a civil action. 38 Corpus Juris, 386 (5).

In making proof of the material elements as above defined when the suit is based on a civil action, the fact that defendant failed in the suit complained of will not sustain the action without additional evidence of malice and want of probable cause. Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116.

In actions such as here under consideration, exemplary damages may only be recovered where there is shown to be actual malice in the sense of personal ill will or hatred and want of probable cause, or where the proceedings complained of were commenced under circumstances of oppression, wantonness, or a reckless disregard of plaintiff's rights. 38 Corpus Juris, 448 (102). No such evidence appears in this record, and therefore charges authorizing a verdict for exemplary damages were erroneously given.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.