147 So. 164

### LOVEMAN, JOSEPH & LOEB v. Harold HIMROD.

#### 6 Div. 177.

Court of Appeals of Alabama.

Nov. 1, 1932.

Rehearing Denied Feb. 21, 1933.

Leader & Ullman and John D. Hill, all of Birmingham, for appellant.

Harold Himrod, of Birmingham, for appellee.

RICE, Judge.

Action on the case for damages for malicious prosecution. Appellee, plaintiff in the court below, had judgment against appellant, upon a trial before the court, sitting without a jury, for the sum of $50.

Nothing is presented for our consideration other than the propriety, vel non, of the trial court, on the facts, so rendering judgment in favor of appellee.

Our manner of review of the ruling referred to, based upon the statutes, and the hold-

ing of the Supreme Court, is stated in Mc-Creless v. State, 24 Ala. App. 229, 133 So. 313. We will not repeat it here. Neither do we see that it would be profitable to narrate nor discuss the evidence disclosed by the bill of exceptions.

It will suffice to state that we have carefully read and examined same, in the light of the applicable rules laid down by this court in the opinion in the case of Askin & Marine Co. et al. v. Logan, 24 Ala. App. 13, 130 So. 768—certiorari denied by the Supreme Court in Askin & Marine Co. et al. v. Horace A. Logan, 222 Ala. 52, 130 So. 770—as well as in the light of some of the more recent direct utterances of the Supreme Court on questions involving principles similar to those controlling here (see Collum Motor Co. v. Anderson, 222 Ala. 643, 133 So. 693; Caldwell v. Standard Oil Co., 220 Ala. 227, 124 So. 512, and Penney v. Warren, 217 Ala. 120, 115 So. 16), and it is our opinion, and we hold, that under the rule (hereinabove referred to) laid down for our guidance in the review of the ruling presented we are unable to say that the action of the trial court in rendering the judgment appealed from should be reversed.

It is therefore affirmed.

Affirmed.

### On Rehearing.

PER CURIAM.

Rehearing denied.

SAMFORD, Judge (concurring in the judgment overruling motion for rehearing).

I am of the opinion that the overwhelming weight of the evidence rebuts any such motive on the part of defendant as would authorize a judgment for damages against it. Askin & Marine Co. v. Logan, 24 Ala. App. 13, 130 So. 768. But there is evidence and presumption supporting the finding of the trial court which must be treated as the verdict of a jury. Peterson v. State, 17 Ala. App. 662, 88 So. 49.

There is no motion for a new trial whereby we can review the trial court on the weight of the evidence.