175 So. 296

## GLIDDEN CO. et al. v. LANEY.

### 6 Div. 58.

Supreme Court of Alabama.

June 3, 1937.

Rehearing Denied June 28, 1937.

476

Bradley, Baldwin, All & White, E. L.
All, S. M. Bronaugh, and Kingman C.
Shelburne, all of Birmingham, for appellants.

Erle Pettus and Erle Pettus, Jr., both of
Birmingham, for appellee.

FOSTER, Justice.

This is an action for damages for the malicious prosecution of a civil suit on an account without the issuance of a garnishment or attachment on the authority of Peerson v. Ashcraft Cotton Mills, 201 Ala. 348, 78 So. 204, L.R.A.1918D, 540. It is against a corporation and its general manager and credit manager, and a judgment was rendered for plaintiff against all of them, but on motion for a new trial it was set aside as to the manager, but left against the corporation and credit manager.

The several counts of the complaint charge that the defendants maliciously and without probable cause therefor sued plaintiff. It does not allege that the malice and want of probable cause was that of the individual defendants for which the corporation was liable. It was therefore not necessary to prove the liability of one of them to sustain a judgment against the corporation, if such liability is otherwise shown.

While the allegation is made that the defendants had such malice and lack of probable cause, and charged it as a corporate act so far as the corporation was concerned, it may be proven, since it is an action on the case, by proof that it was done by an agent in the line and scope of his authority, if the general rule in that respect is applicable to this form of action. Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479.

It was shown that Beauchamp was the local manager and Pierce was credit manager. Pierce handled this matter for the corporation. What he did as such in this connection pertained to his employment as such manager and within that sphere was equal to, or more properly was in the nature of, a corporate act, not so much dependent upon the doctrine of respondeat superior as ordinarily applied, but that of alter ego. Middleton v. General Water Works & Electric Co., 224 Ala. 268, 139 So. 273, and authorities there cited. Neither Pierce, Beauchamp, nor other officer or manager of the corporation authorized the suit against this appellee.

The evidence was without dispute that Jefferson Construction Company owed the corporation an account for goods sold; that the company was a partnership composed of W. P. Beck and H. E. Laney. Pierce gave the account to W. G. Black, an attorney, for collection, and told him to collect it without suit if he could, but to sue if necessary; that the partnership was W. P. Beck and Mr. Laney, but did not state Laney's initials, if he knew them; that it was dissolved, and that Laney could be found and his business address was at Laney Paint & Hardware Company. The evidence showed that this appellee, L. S. Laney, owned and operated Laney Paint & Hardware Company, and that H. E. Laney had no interest in it, but then did make that his business headquarters, as Pierce had told Black. Black wrote a letter to the partnership, which reached H. E. Laney at the paint and hardware company, but he did not do anything about it, and neither did Beck. Black did not know that there were two of the Laneys, and, not knowing the initials of the debtor on the account, he examined the city directory and found that L. S. Laney owned and operated Laney Paint & Hardware Company, and so he sued Beck and L. S. Laney, when it should have been H. E. Laney, and should not have included Laney Paint & Hardware Company, which he did.

The first question is whether the suit was authorized in so far as L. S. Laney was concerned, attributable to the corporation.

We will treat the situation with respect to Pierce and Black separately. First with reference to Pierce. He knew that L. S. Laney, who was sued, did not owe the debt, so that, if he as credit manager authorized the suit against L. S. Laney, it was without probable cause to believe that he owed the debt. The evidence in that respect is without conflict, and when so, the court must determine whether it shows probable cause, and not leave it to the jury. Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651; Elliott v. Caheen Bros., 228 Ala. 432, 153 So. 613; McMullen v. Daniel, 229 Ala. 194, 155 So. 687; 38 Corpus Juris, 505. So that, when Pierce gave Black his instruction and information, he must have wantonly or intentionally, not simply negligently, misled him to believe that L. S. Laney was one of the debtors. He must have intentionally done an act which would probably have caused Black to make such a mistake. It does not appear that he knew that Black did not know there were two different men. He did not tell Black that his debtor had any interest in the paint and hardware company, but only that he could be found there, and that it was his business address.

We think that under such circumstances he could not have foreseen that Black would probably sue L. S. Laney, operating the Laney Paint & Hardware Company. See Chambliss v. Blau, 127 Ala. 86, 28 So. 602; American Surety Co. v. Pryor, 217 Ala. 244, 115 So. 176; Dismukes v. Trivers Clothing Co., 221 Ala. 29, 127 So. 188; Bryant v. Hartford Fire Ins. Co., 230 Ala. 80, 159 So. 685.

■ But the contention is made on the one hand that, though not specially authorized to sue L. S. Laney, it was included in Black's authority to collect by suit, and, therefore, within the line and scope of his employment. Appellants contend that the general rule whereby a principal is liable for the acts of its agents in the scope of their employment does not apply in malicious prosecutions, especially when begun by an attorney not specially authorized, and in respect to a civil suit when there is no attachment or garnishment.

That controversy is the occasion here to go back into and analyze a bit of our judicial history. It relates to the question of liability of a principal, especially a corporation, for the malice and want of probable cause by an agent in the scope of his employment.

Prior to the case of Gilliam v. South & North Alabama R. R. Co., 70 Ala. 268, this court had held that a master was not liable on the doctrine of respondeat superior for the intentional wanton or malicious wrongs of his servant done in the scope of his employment. But that case overruled the earlier authority and established a rule by which such liability existed thereafter under those circumstances. Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943, 21 Ann.Cas. 1149; Alabama Power Co. v. Bodine, 213 Ala. 627, 105 So. 869. It had also been held in an earlier case that there can be no such thing as malice by a corporation, and that a suit in which that is an element could not be maintained against a corporation. But in Jordan v. Alabama Great Southern R. R. Co., 74 Ala. 85, 49 Am.Rep. 800, a different rule was established and that in a suit for malicious prosecution, overruling the former case, and holding that corporations could be held liable for a tort involving malice. But it did not discuss, though reference was made to the fact, that the malice may be that of the agent of the corporation. That was for the malicious prosecution of a criminal cause.

Since those cases, there seems to have been no doubt among our cases with respect to those two propositions, in general. But extending beyond them to the case of Kirksey v. Jones, 7 Ala. 622, 623, and brought forward in cases considered by this court about the time of the Gilliam and Jordan Cases, supra, there was a principle settled that in attachment and garnishment cases the malice and want of probable cause of a servant, though in the line and scope of his employment, were not attributable to the master simply because the suit was begun in the line and scope of his employment. This situation was reviewed in a later case of Southern Railway Co. v. Beaty, 212 Ala. 608, 613(14), 103 So. 658, and it was pointed out that in such cases alone, attachment and garnishment, that old rule had persisted, whereby the master is not liable for the intentional, wanton, or malicious acts of his servant or agent, done in the line and scope of his employment. The latest cases on that subject in which the earlier ones are cited are: Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42; Collum Motor Co. v. Anderson, 222 Ala. 643, 133 So. 693; Askin & Marine Co. v. Logan, 24 Ala.App. 13, 130 So. 768, certiorari denied

222 Ala. 52, 130 So. 770; McCarty v. Williams, 212 Ala. 232, 102 So. 133.

We have never seen an explanation of why the rule of non-liability was generally overruled, but retained in respect to attachment and garnishment suits. This fact was mentioned in our cases cited above. It seems that in other jurisdictions no such exception in respect to those suits exists. 38 Corpus Juris, 454; 18 R.C.L. 64.

Without a particular discussion of the subject, this court has held that in suits for malicious prosecution of a criminal case the master is responsible for the malicious act of his servant done in the line and scope of his employment. Caldwell v. Standard Oil Co., 220 Ala. 227, 124 So. 512; Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; Emerson v. Lowe Mfg. Co., 159 Ala. 350, 49 So. 69; Birmingham Ry., L. & P. Co. v. Crenshaw, 192 Ala. 462, 68 So. 327; Gambill v. Cargo, 151 Ala. 421, 43 So. 866; Dismukes v. Trivers Clothing Co., 221 Ala. 29, 32(8), 127 So. 188; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754. See, also, 38 Corpus Juris, 453; Central Iron & Coal Co. v. Wright, 20 Ala.App. 82(17), 101 So. 815, certiorari denied 212 Ala. 130, 101 So. 824; Sloss-Sheffield Steel & Iron Co. v. O'Neal, 169 Ala. 83, 52 So. 953; Southern Express Co. v. Couch, 133 Ala. 285, 32 So. 167.

We have not had a case in which the court considered the question of whether the principal was liable for the act of his agent in prosecuting a civil suit without probable cause when there was no attachment or garnishment; nor whether a client is held responsible in such a suit for the want of probable cause by his attorney on the theory declared in City National Bank v. Jeffries, 73 Ala. 183, at page 195.

Our view of this case makes it unnecessary to do so now.

In respect to probable cause by Black we think that, if the facts known to him were such as to be sufficient to justify a belief by a prudent and careful attorney that L. S. Laney, whom he sued, was a member of the late partnership of Jefferson Construction Company, and therefore was liable to suit on the account which was turned over to him to collect, it would follow as a matter of law that he had probable cause for instituting the suit against him. Stouts Mountain Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156(5); Gulsby v. Louisville &

Nashville R. R. Co., 167 Ala. 122, 52 So. 392(6).

And, on the contrary, if the facts known to him were not sufficient to justify that belief, then, as a matter of law, he would not have such probable cause. Lipscomb v. Moore, 227 Ala. 547, 150 So. 907(4).

If the facts on that issue are not in dispute, the court must pass on it; if they are in dispute, it must be submitted to the jury to find the facts, not to draw the inference. We have stated what the undisputed evidence is in that connection.

We think that it was a natural mistake for Black to make, and that the information he had was sufficient to justify him in supposing that the owner of the paint and hardware company was the same person as the partner in Jefferson Construction Company, though such belief was not intended to have been produced by Pierce. It resulted from an omission to tell Black that there were two of the Laneys, and without supposing that Black did not know it or would not find it out. Malicious prosecution cannot be founded upon such a situation. The action must have been begun wrongfully, maliciously, and without probable cause to believe that defendant was liable. Mere negligence in this respect is not enough. McCarty v. Williams, supra; Brown v. Master, 104 Ala. 451, 16 So. 443.

We think the affirmative charge should have been given for appellants as requested.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.