194 So. 849
**LANEY v. GLIDDEN CO., Inc., et al.**

6 Div. 474.

Supreme Court of Alabama.

March 7, 1940.

Rehearing Denied April 4, 1940.

Erle Pettus and W. A. Price, both of Birmingham, for appellant.

Bradley, Baldwin, All & White, E. L. All, S. M. Bronaugh, and Kingman C. Shelburne, all of Birmingham, for appellees.

GARDNER, Justice.

Action for malicious prosecution of a civil suit. On former appeal (Glidden Co. v. Laney, 234 Ala. 475, 175 So. 296), the conclusion was reached that under the evidence defendants were due the affirmative charge upon the theory no intentional wrong was done, but at most simple negligence, which will not suffice to · sustain' such an action. The case considered on· that appeal rested upon counts 1, 2 and 3, charging the wrongful and malicious institution of the suit against plaintiff without probable cause. The conclusion of this Court that the evidence tended to show negligence merely in this respect caused plaintiff to abandon those counts which by amendment were stricken, and adopt others (counts 4 to 15), which rest upon the theory that though the original institution of the suit may have been the result of negligence only, yet after it had been brought defendants were informed this plaintiff was the wrong party, and in no manner connected with the claim sued upon, and, knowing this fact, defendants wrongfully, intentionally, maliciously and without probable cause maintained the suit on the docket to plaintiff's damage.

While the meaning of the word "maintain" may vary according to the context, we think it clear enough, in view of the history of the pleading in this case, that its meaning in these added counts is to support, as contradistinguished from institute the action, that had already been brought. 38 Corpus Juris 336–7.

A suit for malicious prosecution may lie, not only for the commencement of the original proceeding, but for its continuance as well. 38 Corpus Juris 396; Slee v. Simpson, 91 Colo. 461, 15 P.2d 1084, 85 A.L.R. 412.

The cited authorities support the following text from 38 Corpus Juris 394: "It is not material to plaintiff's right of recovery in an action for malicious prosecution whether defendant wrongfully commenced or tortiously continued the original proceeding after want of probable cause had been shown therein, upon the charge pre-

sented." The Iowa court in Wetmore v. Mellinger, 14 N.W. 722, 723, speaking to this question, observed: "Such continued prosecution cannot be for the purpose of vindicating a right, but to vex, harass and oppress." See, also, Bicknell v. Dorion, 16 Pick., Mass., 478, for similar reasoning.

This is treated in brief of counsel for all parties as the pivotal question in the case, and the briefs contain no discussion of each of the numerous counts separately. We so treat the case here without analysis as to exact correctness of each of said counts.

■ Clearly enough, some of these counts state all necessary facts for the proper prosecution of plaintiff's case and the legal question here discussed. Illustrative is count 8, which shows the relationship of the individual defendants to the defendant corporation as not only agents acting within the line of their authority, but as occupying such positions as constitute them in this respect the alter ego of the defendant corporation. Glidden Co. v. Laney, supra. This count merely charges, as to the original institution of the suit, that it was wrongfully or negligently brought. But it further charges that after it was upon the docket, and after these defendants, as well as the attorney who filed the suit, had been informed of the mistake (all of which is made more clearly to appear in the opinion on former appeal, and not here reiterated), defendants nevertheless wrongfully, intentionally, maliciously and without probable cause maintained the suit against plaintiff upon the docket of the court without any action therein until July 9, 1935 when an amendment was filed striking plaintiff individually and as doing business as Laney Paint and Hardware Company, but further maliciously, knowingly and without probable cause continued the case on the docket against plaintiff doing business as Jefferson Construction Company from July 9, 1935 until March 3, 1936.

There is no misjoinder of parties plaintiff or causes of action. The plaintiff all along is L. S. Laney, and none other, and the averments as to the dates of the amendments and what was done are but the statement of a single cause of action. This count (No. 8) was not subject to any demurrer interposed, and appears to state plaintiff's theory of the case with no necessity for consideration of other numerous counts not separately discussed by counsel.

■ Much argument is advanced by appellees that as a non-suit was taken under section 6431, Code of 1923, no necessity for the non-suit is made to appear (Ruth Wilbanks, Guardian v. Homer Mitchell et al., ante, p. 167, 194 So. 513) and that the appeal should be dismissed.

This argument is based upon the action of the plaintiff in striking counts 1, 2 and 3, the insistence being that these counts sufficed for all purposes. But, under these counts as they were framed, plaintiff had confined his case to the matter of the institution of the suit originally. Upon that question this Court had held defendants under the proof were entitled to the affirmative charge.

The counts added by amendment proceed, as we have shown, upon an entirely different theory as to the facts,—the wrongful continuance of the case on the docket. We think it clear enough plaintiff had the right to abandon counts 1, 2 and 3 without prejudice to his right for a non-suit for the purpose of a review of the rulings of the court sustaining demurrer to the counts added by amendment.

What we have said should suffice for another trial of the cause, and sufficiently discloses our view that the judgment is due to be reversed. For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J.; and BOULDIN and FOSTER, JJ., concur.