Allen Wade SIMMONS, et ux., Appellants,

v.

Sheriff Wayne McELVEEN, et al., Appellees.

No. 87–4398.

United States Court of Appeals, Fifth Circuit.

June 8, 1988.

---

**338**

Roy, Carmouche, Bivins, Judice, Henke & Breaud, Frank W. Dawkins, Lafayette, La., Dennis R. Whalen, Baton Rouge, La., for appellants.

Book & Beverung, Fred A. Book, Jr., M. Steven Beverung, Lake Charles, La., for McEleveen, Lee, Herbert & Imperial Gas Ind. Co.

John L. Van Norman, III, Lake Charles, La., for City of Westlake, La.

Jeffrey Alan Keenan, Lake Charles, La., for Ballard, Reed, Herferd & City of Westlake.

James L. Pate, Laborde & Neuner, Lafayette, La., for Wagguespack, St., & D.J. W. Ins. Agency, Inc.

Before GARZA, HIGGINBOTHAM and SMITH, Circuit Judges.

GARZA, Circuit Judge:

Allen Wade Simmons brought suit against various police officers and municipalities for violations alleging to have occurred under 42 U.S.C. § 1983 (1982). State actions for false imprisonment and loss of consortium were also brought. The district granted the defendant's motion for summary judgment and dismissed Simmons' 1983 action. We are affirming the district court.

I.

On March 7, 1985, an armed robbery and shooting occurred in West Lake Louisiana. The robber stole approximately $85, shot a customer in the face and grabbed several packages of cigarettes as he was making his get away. He inadvertently dropped some of the packages which were later found to contain his fingerprints.

The Westlake City Police and the Calcasieu Parish Deputies were called to the scene of the crime. A deputy saw a sketch of the robber noticing a resemblance to Simmons. In a photo line-up, Simmons was identified as the assailant by the robbery victim, the clerk of the store and the shooting victim. Simmons was thereafter arrested in Lafayette Parish, Louisiana and transferred to the Calcasieu Parish Jail in Lake Charles, Louisiana. Formal charges were brought against Simmons, who was identified in a physical line-up and in court. Simmons' fingerprints failed to match those on the cigarette packages. This information was not turned over to the district attorney's office.

Approximately four months after Simmons had been jailed, a tip was received through the "crime stoppers" program sponsored by the Calcasieu Parish Sheriff's Office, which gave detailed information regarding the robbery incident. Paul Robinson was named as the assailant. The tip stated the names of his accomplices and that Robinson had previously been arrested. Robinson's name was the only information passed on to the Westlake City Police. A photo line-up was conducted using Robinson's photo which was not identified by the witnesses. Instead, Robinson was rejected as the assailant and Simmons' identification was reaffirmed. Robinson was not placed in a physical line-up nor was a fingerprint comparison made of the prints found on the cigarette packages.

Approximately four more months passed before Simmons' attorney received word that a witness had information which would prove Simmons was innocent and identify Robinson as the guilty party. Simmons' attorney obtained several statements implicating Robinson. These statements

were turned over to the district attorney's office, who immediately began a full investigation of Robinson's involvement. Robinson's fingerprints were compared with the ones found on the cigarette packages revealing a positive identification and in a physical line-up, Robinson's voice was identified by one of the witnesses as the assailant.

Simmons was finally released October 30, 1985, approximately eight months after he was arrested.

## II.

This appeal narrows down to whether the conduct of the defendants amounts to more than negligence thereby providing Simmons with a 1983 cause of action. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). (Due process clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property).

Simmons concedes his initial arrest was valid since it was based on eyewitness identification. His principal contention is that he was unlawfully detained following the receipt of information which implicated Robinson. He argues the failure of the defendants to compare Robinson's fingerprints with those on the cigarette packages, and the failure to conduct a physical line-up combined with the failure to inform the district attorney's office that Simmons' fingerprints did not match those on the cigarette packages is in violation of Simmons' rights as protected by section 1983.

With the benefit of hindsight, it was an incorrect decision not to compare Robinson's fingerprints with those on the cigarette packages. The defendants, however, did take some action. Calcasieu Parish Sheriff's Office informed the Westlake City Police of Robinson's name. Westlake Police conducted a photo line-up with Robinson's photo where the witnesses reassured them that Simmons was the assailant. At this point the Westlake Police had no reason to conduct a physical line-up. Had a witness been unsure of the identification, then some basis would have existed to pro-

ceed with further investigation. The Westlake Police therefore, did follow up on the tip. Although the investigation of the Westlake Police or the Calcasieu Sheriff's Office may not have been conducted as efficiently or as expediently as possible, their conduct simply does not exceed the level of negligence.

Therefore, in light of all circumstances, we cannot say that the defendants' conduct was more than mere negligence. The district court is AFFIRMED.