**Thomas L. GLIDEWELL, Plaintiff,**

v.

**TOWN OF GANTT, et al., Defendants.**

**No. Civ.A. 00–A–1680–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 10, 2001.

Thomas J. Glidewell, Mobile, AL, for plaintiff.

Randall C. Morgan, Montgomery, AL, Allen G. Woodard, Andalusia, AL, for defendants.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This cause is before the court on a Motion for Summary Judgment filed by Defendants the Town of Gantt and Albert Jerome Hayse on October 5, 2001.

The Plaintiff, Thomas L. Glidewell ("Glidewell"), originally filed his Complaint in this case on December 8, 2000 and then filed a first Amended Complaint. The court granted in part and denied in part a Motion to Dismiss the Amended Complaint. Glidewell subsequently filed a Second Amended Complaint.

In his Second Amended Complaint, Glidewell brings a 42 U.S.C. § 1983 claim for violation of his Fourth and Fourteenth Amendment rights (Count I), a 42 U.S.C. § 1983 claim for malicious prosecution against Hayse (Count II), a state law claim for malicious prosecution against Hayse (Count III), a claim for outrage against Hayse (Count IV), a claim for abuse of process against Hayse (Count V), a claim for false arrest against Hayse (Count VI), and a claim for negligence against Hayse and the Town of Gantt (Count VII).

For reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED as to Glidewell's federal claims and the state law claims are due to be DISMISSED without prejudice.

## II. *SUMMARY JUDGMENT STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed

to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### III. *FACTS*

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

On June 5, 2000, the Town Clerk for the Town of Gantt, Myrtle Scott ("Scott") called Covington Electronics to inquire about a bill for copying. She was informed that the Town of Gantt had been billed for copying costs at the direction of Glidewell. She informed Albert Hayse

("Hayse"), in his capacity as Chief of Police of the Town of Gantt, who conducted a limited investigation during which he took statements from two Town of Gantt employees and spoke with Russell Jarvis of Covington Electronics. Hayse then swore out what is denominated as a "Deposition." When Hayse returned from having given his sworn testimony to the magistrate, he was informed by Scott that a Mr. Buck from Covington Electronics had called saying that the matter was a mistake. Hayse did not investigate this call nor report it to the district attorney's office. Hayse told Scott that it was "out of his hands." A warrant was ultimately issued and the Plaintiff was arrested on the warrant by the Covington County Sheriff's Department on June 9, 2000. On June 19, 2000, the case was dismissed by the District Judge on motion of the District Attorney.

### IV. *DISCUSSION*

■ The court will first address the federal claims asserted by Glidewell. Hayse and the Town of Gantt have both advanced arguments in support of the Motion for Summary Judgment.[1] In response, the Plaintiff has only argued that Hayse is not entitled to summary judgment. The Plaintiff has not presented any evidence or argument to oppose summary judgment in favor of the Town of Gantt. Because the Plaintiff has failed to argue any of the federal claims he asserted against the Town of Gantt, his federal claims against the Town of Gantt are deemed abandoned and summary judgment is due to be GRANTED in favor of the Town of Gantt on those claims. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir.1995).

---

1. Hayse and the Town of Gantt have asked this court to strike various evidentiary submissions on the part of Glidewell, arguing that they were not disclosed in accordance with the Order of this court. In light of the court's determination in this case, as will be discussed below, consideration of the challenged evidence would not alter the conclusions reached in this case, accordingly, the Motion is due to be DENIED as moot.

As to several of the federal claims against Hayse, Glidewell has also advanced no argument in opposition to summary judgment. Although Glidewell has pled violations of the Fourteenth and Fourth Amendment, he has only argued that a question of fact precluding summary judgment exists as to his claim for malicious prosecution. Accordingly, to the extent that Glidewell originally asserted any other Fourth or any Fourteenth Amendment claims, summary judgment is due to be GRANTED as to those claims as well. *Id.* The court now turns to the malicious prosecution claim asserted under the Fourth Amendment. *See Uboh v. Reno,* 141 F.3d 1000, 1002–03 & n. 4 (11th Cir.1998) (malicious prosecution is a federal claim under the Fourth Amendment).

Hayse has argued that he is entitled to qualified immunity on the malicious prosecution claim. Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. *Ansley v. Heinrich,* 925 F.2d 1339, 1345 (11th Cir.1991). An official is entitled to qualified immunity if he is performing discretionary functions and his actions do " 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1424 (11th Cir.1997). "For qualified immunity to be surrendered, preexisting law must dictate, that is, truly compel (not just suggest or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1150 (11th Cir.1994). "Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Id.* at 1149. When qualified immunity is asserted as a defense, a court must first determine whether the violation of a constitutional right is asserted, then determine whether that right was clearly established. *See Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999).

Glidewell's claim as pled in the Second Amended Complaint is that Hayse swore out a complaint charging Glidewell with a crime even though a reasonably well-trained officer in Hayse's position would have known that his affidavit failed to establish probable cause and that he should not have applied for a warrant. *See* Second Amended Complaint at page 8. In his opposition to the Motion for Summary Judgment, however, Glidewell argues that the issue in the case is not whether there was probable cause to arrest, but whether Hayse lacked probable cause to go forward with the case and, therefore, acted with malice after he learned that someone from Covington Electronics had called to say that a mistake had been made in the matter regarding Glidewell. Glidewell, therefore, no longer contests the existence of probable cause to arrest at the time that Hayse gave sworn testimony to the magistrate, but now contends that Hayse acted "wantonly, recklessly, and carelessly in proceeding to have Plaintiff arrested after being faced with evidence indicating that Plaintiff may not have committed any crime." Plaintiff's Brief in Opposition to the Motion for Summary Judgment, page 6.

A police officer is not insulated from liability where his actions have tainted the deliberations of a magistrate judge who issued a warrant upon a finding of probable cause. *See Sanders v. English,* 950 F.2d 1152 (5th Cir.1992). In *Sanders,* a police officer learned that there were credible alibi witnesses after a suspect had been arrested, but did not inform the prosecuting attorney of the exculpatory evidence. *Id.* at 1164. The court conclud-

ed that there was sufficient evidence of malice and causation to defeat a motion for summary judgment. In *Simmons v. McElveen,* 846 F.2d 337 (5th Cir.1988), by contrast, based on an eyewitness identification, a police officer arrested a suspect who was later revealed not to be the perpetrator of the crime. The suspect brought a lawsuit alleging that even though his initial arrest was valid, he was unlawfully detained after his initial arrest because information had been received by the police officer which implicated another. *Id.* at 339. The Fifth Circuit concluded that although the police should have investigated the other person more fully, the conduct of the police did not exceed the level of negligence. *Id.* The court, therefore, affirmed the district court's grant of summary judgment in favor of the defendant. *Id.*

In *Goodwin v. Metts,* 885 F.2d 157 (4th Cir.1989),[2] the Fourth Circuit determined that a police officer who did not disclose exculpatory information learned after the arrest could be liable for malicious prosecution, even though the decision to prosecute was in the hands of the prosecutor, because a police officer can be held liable for a continued prosecution if the deliberations of the prosecutor were tainted by the police officer. *Id.* at 162.

■ In this case, Hayse gave sworn testimony for purposes of the magistrate's probable cause determination, then learned that there was a phone call placed to the Clerk of the Town of Gantt in which a caller who purported to be from Covington Electronics claimed that the matter involving Glidewell was a mistake. Hayse did not disclose this information, stating that it was out of his hands. This case is, of course, to be distinguished from cases in which liability attaches such as *Kelly v.*

*Curtis,* 21 F.3d 1544 (11th Cir.1994), where the evidence which the police failed to disclose was a state laboratory report. In the instant case, the information was from a private citizen and was volunteered to the town clerk. It still appears, however, that Hayse violated a constitutional right by failing to disclose that the town clerk had learned information which weakened Hayse's previous testimony in support of probable cause.

■ Merely because this court concludes that there is sufficient evidence to conclude, for purposes of summary judgment, that Hayse may have engaged in malicious prosecution under the federal constitution, however, does not mean that Glidewell has established that he is entitled to recover money damages against Hayse in his individual capacity. As earlier stated, qualified immunity shields government actors in all but exceptional cases. *Lassiter,* 28 F.3d at 1149. The violation of the right in this case must have been clearly established by case law at the time that Hayse engaged in the conduct at issue in order for Hayse to be stripped of his immunity.

The Fifth and Fourth Circuit cases discussed above do not clearly establish the law of this circuit. *See Hamilton v. Cannon,* 80 F.3d 1525, 1532 n. 7 (11th Cir. 1996) (citing cases for the proposition that law can be clearly established in this circuit only by decisions of the Supreme Court, this Eleventh Circuit, or the highest court of the state from which the case arose). Furthermore, even under those cases, negligent conduct does not violate the constitution. In *Kelly,* the Eleventh Circuit explained that the constitution only prohibits an officer from making perjurious or recklessly false statements and

---

**2.** The Fourth Circuit has subsequently determined that the *Goodwin* court's identification of the constitutional source of the federal ma-

licious prosecution claim has been overruled. *See Osborne v. Rose,* 133 F.3d 916 (4th Cir. 1998).

that, to deprive an officer of qualified immunity, case law must have staked out the line between reckless and merely negligent conduct. *Kelly,* 21 F.3d at 1554.

The only case cited by Glidewell which bears on this issue is a case of the Alabama Supreme Court which interprets the Alabama common law tort of malicious prosecution. *See Delchamps, Inc. v. Bryant,* 738 So.2d 824 (Ala.1999). *Delchamps* stands for the broad proposition that "going forward carelessly or recklessly with previously commenced proceedings after receiving notice of a problem may be inconsistent with good faith." *Id.* at 834. The *Delchamps* decision, however, involved facts where a defendant learned information questioning the identity of the perpetrator of shoplifting after an arrest had already been made. *Id.* The *Delchamps* case relies on a decision involving a civil suit where the information was revealed after the suit was already filed. *Id.* (citing *Laney v. Glidden Co.,* 239 Ala. 396, 194 So. 849 (1940)). Therefore, while Alabama cases stand for the broad proposition that a police officer can be held liable for allowing a prosecution to continue once an arrest based on probable cause has been made, they do not speak to the situation presented in this case where information learned which may have undermined probable cause was learned before an arrest had been made. In addition, although recognizing that malicious prosecution requires recklessness, not mere negligence, *see id.* at 833–34, the facts in *Delchamps* involved a case of mistaken identity and do not establish a standard of recklessness which would be applicable to the facts presented in this case. Law is not clearly established through references to general propositions, but through the specifics of concrete cases. *Lassiter,* 28 F.3d at 1149–50.

Turning to federal case law, it is clearly established that a police officer can be held liable if an arrest is made under the authority of a warrant when no reasonable officer could have believed that the affidavits established probable cause. *See Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). *Malley* does not, however, address the extent to which a failure to disclose information after an affidavit is sworn to violates constitutional rights.

It is also clearly established that withholding exculpatory or impeachment evidence from a prosecutor, thus preventing its disclosure to the defense, violates an accused's due process rights. *Freeman v. State of Georgia,* 599 F.2d 65, 69 (5th Cir.1979)[3], *cert. denied,* 444 U.S. 1013, 100 S.Ct. 661, 62 L.Ed.2d 641 (1980); *McMillian v. Johnson,* 88 F.3d 1554, 1569 & n. 19 (11th Cir.1996). These cases do not, however, clearly establish the law with respect to disclosing potentially exculpatory information after an affidavit is sworn to, but before an arrest has been made. In addition, this basis of liability is not without limitations. *Kelly,* at 1552.

The instant case falls somewhere within the case law which has been clearly established in this circuit, but none of the cases discussed clearly applies. From the case law, Hayse should have known that he could not intentionally lie or withhold information when he gave sworn testimony for the probable cause determination, but there is no contention that he withheld information when he gave a sworn statement to the magistrate. Hayse also should have known that he had to turn exculpatory information over to the prosecution at some time. There is, however, no clearly established case law which ap-

---

**3.** Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981).

plies the duty to turn over exculpatory information before an arrest is made. Furthermore, the information known to Hayse was neither in Hayse's nor the police department's exclusive possession and the District Attorney had the case dismissed ten days after Glidewell's arrest. For case law to have alerted Hayse that his conduct violated the constitution, there would have to be binding precedent which established that a police officer has a duty to add newly-acquired, potentially exculpatory information to a previously sworn-to affidavit supporting probable cause. In addition, there would have to be binding precedent which stakes out the line between reckless and negligent behavior in failing to disclose such information when it is made known to a police officer from a city employee outside of the police department. *See Kelly,* 21 F.3d at 1554. Glidewell has failed to meet his burden of pointing to any such case. Hayse is, therefore, entitled to summary judgment on the basis of qualified immunity as to the claim for damages for federal malicious prosecution.[4]

Because this court has concluded that summary judgment is due to be GRANTED as to the federal claims asserted in this case, the court declines to exercise supplemental jurisdiction over Glidewell's state law claims and those claims will be DISMISSED without prejudice to their being timely filed in state court. *See* 28 U.S.C. § 1367(c)(3).

## V. *CONCLUSION*

For the reasons discussed, the court concludes that the Motion for Summary Judgment is due to be GRANTED as to Glidewell's federal claims, and that the state law claims are due to be DIS-

MISSED without prejudice. A separate Order will be entered in accordance with this Memorandum Opinion.

## *ORDER AND JUDGMENT*

In accordance with the Memorandum Opinion entered on this date, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. # 42) is GRANTED as to the Plaintiff's federal claims and judgment is entered in favor of the Town of Gantt and Albert Jerome Hayse and against the Plaintiff, Thomas L. Glidewell, on those claims.

2. It is further ORDERED that Plaintiff's state law claims are DISMISSED without prejudice.

3. The parties are to bear their own costs.

---

4. Glidewell has failed to demonstrate that prospective injunctive relief would be appropriate in this case. *See Los Angeles v. Lyons,* 461 U.S. 95, 102–05, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Therefore, summary judgment is also due to be granted to the extent that he sought prospective injunctive relief against Hayse in his individual capacity.