**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50372
Summary Calendar

GAYLENE SMITH, Individually and as next friend of Stacey Marie
Smith,

Plaintiff-Appellant,

VERSUS

DOYLE BROCK, JR., Individually and in his official capacity as a
police officer for the City of Hewitt, Texas; ET AL.,

Defendants,

DOYLE BROCK, JR., Individually and in his official capacity as a
police officer for the City of Hewitt, Texas; TUCK SAUNDERS,
Individually and in his official capacity as a police officer for
the City of Hewitt, Texas; THE CITY OF HEWITT, TEXAS,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas, Waco Division

(W-01-CV-196)

March 17, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

1

PER CURIAM:[*]

Plaintiffs Gaylene and Stacey Smith appeal two separate orders by the district court granting summary judgment to defendants Doyle Brock, Jr., Tuck Saunders, and the City of Hewitt, Texas.[1] The first order, dated January 25, 2002, granted summary judgment to the defendant officers on plaintiffs' 42 U.S.C. § 1983 false arrest claims on grounds of qualified immunity. The second order, dated March 27, 2002, granted summary judgment to all defendants on plaintiff Stacey Smith's 42 U.S.C. § 1983 claim alleging illegal detention on grounds that plaintiff failed to adduce sufficient evidence of the police officer's recklessness in handling evidence and conducting their investigation to withstand summary judgment. We review the district court's grant of summary judgment de novo, employing the same criteria used in that court. Rogers v. International Marine Terminals, 87 F.3d 755, 758 (5th Cir. 1996).

As to Gaylene Smith's false arrest claim, the district court held that the officers enjoyed qualified immunity from suit for her arrest because she was arrested pursuant to a warrant. Where there is a warrant for an arrestee, an officer enjoys immunity from suit

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Defendants argue that because the Smiths' notice of appeal references only the March 27 summary judgment order that is all they are appealing. FED. R. APP. P. 3(c). But the intent of plaintiffs to appeal both orders is evident, and therefore we will treat both orders as appealed. In re Hinsley, 201 F.3d 638, 641 (5th Cir. 2000).

2

for false arrest so long as a reasonable officer could conclude that a warrant should issue. Hart v. O'Brien, 127 F.3d 424, 444 (5th Cir. 1997). Given the deference afforded the findings of magistrates, Id. at 444, and that an officer enjoys the benefit of doubt on the reasonableness of his probable cause assessment when he submits it to a magistrate, Jennings v. Joshua Independent School District, 877 F.2d 313, 318 (5th Cir. 1989), we believe the district court was correct in its finding of qualified immunity.

Similarly, the district court held in its January order that the defendant officers enjoyed qualified immunity from suit for the arrest of Stacey Smith because there was at least "arguably" probable cause for her arrest. Burge v. Parish of St. Tammany, 187 F.3d 452, 481 (5th Cir. 1999). While there was no warrant for this arrest, we agree with the district court's assessment that a reasonable officer could have found probable cause here. We have previously ruled eyewitness statements alone are sufficient grounds to support a finding of probable cause. Simmons v. McElveen, 846 F.2d 337, 339 (5th Cir. 1988).

As for the March order, the district court there held that plaintiffs failed to introduce sufficient evidence of defendants' recklessness to support a finding of liability for illegal detention of Stacey Smith. Sanders v. English, 950 F.2d 1152, 1162 (5th Cir. 1992). We agree with the district court that at most plaintiffs' evidence supports an inference of negligent, rather than reckless, investigation. Accordingly, summary judgment was

3

appropriate on this claim as well.

The judgment of the district court is AFFIRMED.

AFFIRMED.