# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40014
Summary Calendar

DAVID BIRDWELL

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Director, Texas Department of Criminal Justice, Criminal
Investigation Division; WILLIAM SEIGMAN, Director, Texas Board of Pardons
and Paroles; JACK SKEEN, JR, Unknown District Attorney, Smith County,
Texas; UNKNOWN PERSON, State Authorized Contractor, United States
Extraditions

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-399

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Birdwell appeals the district court's dismissal as frivolous and for
failure to state a claim of his 42 U.S.C. § 1983 civil rights complaint. We review
the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous for
abuse of discretion, *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005), and we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (de novo review of dismissal for failure to state a claim using revised FED. R. CIV. P. 12(b)(6) standard). Because the district court referred to both sections of the statute when it dismissed Birdwell's complaint, review is de novo. *See Geiger*, 404 F.3d at 373.

Birdwell asserts that the district court incorrectly concluded that his false incarceration did not constitute a deprivation of his due process rights. Birdwell argues that defendants William Seigman and Jack Skeen, Jr., knew or should have known that he was being wrongly imprisoned pursuant to an erroneous escape warrant, and demonstrated indifference to his circumstances by ignoring his repeated protestations that his incarceration was unjustified. To the extent that Birdwell raised similar claims against Brad Livingston in his complaint, he has abandoned those claims by failing to raise them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (even pro se litigants must brief arguments in order to preserve them).

This court has held that an illegal detention by way of false imprisonment is a recognized cause of action under § 1983. *Sanchez v. Swyden*, 139 F.3d 464, 469 (5th Cir. 1998). A defendant alleging false imprisonment must establish that an official's actions went beyond mere negligence before an illegal detention claim takes on constitutional dimensions. *Id.* The detention of an individual for a limited duration on the basis of a facially valid search warrant and in spite of the prisoner's claims of innocence will not establish a due process violation. *Baker v. McCollam*, 443 U.S. 137, 143-45 (1979); *Sanchez*, 139 F.3d at 468-69. However, an official may be exposed to liability under § 1983 if he deliberately ignores exonerative evidence or fails to act upon known exculpatory information. *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992).

2

Birdwell has failed to show that the district court erred in holding that the defendants did not violate his due process rights. Birdwell does not dispute that his arrest was effectuated pursuant to a facially valid warrant, and he has not shown that the absolute duration of his incarceration ipso facto establishes a due process violation. *See Baker*, 443 U.S. at 144; *Simmons v. McElveen*, 846 F.2d 337, 338-39 (5th Cir. 1988). Moreover, Birdwell has not shown that Seigman and Skeen deliberately ignored exonerative evidence rather than merely exhibiting negligence in not apprehending earlier that Birdwell's state convictions and sentences had been vacated. *See id.* Birdwell has presented no evidence that Seigman or Skeen personally were aware either that Birdwell's state sentences were vacated or that Birdwell had been wrongly imprisoned pursuant to an erroneous escape warrant. Birdwell's attempt to establish the defendants' liability through vicarious liability is unavailing. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006).

Birdwell also asserts that the district court incorrectly concluded that he did not have a claim for a violation of his procedural due process rights because state tort remedies provided adequate post-deprivation remedies. However, the district court correctly held that Birdwell is prevented by the *Parratt/Hudson* doctrine[1] from pursuing a false imprisonment claim in federal court. Birdwell neither alleges that the defendants' actions were undertaken pursuant to existing state procedures, nor does he identify a state policy that resulted in his improper detention; Birdwell essentially argues that the defendants committed a random and unauthorized violation of his due process rights. *See Parratt*, 451 U.S. at 543; *Hudson*, 468 U.S. at 533. This court has held that Texas law affords adequate remedies for procedural due process violations resulting from false imprisonment "both while it was underway and for post-deprivation

---

[1] *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984).

compensatory relief." *Martin v. Dallas County*, 822 F.2d 553, 555 (5th Cir. 1987). Birdwell's inability to recover under state remedies the full amount that he might receive in a § 1983 action is not determinative of the adequacy of the state remedies. *See Hudson*, 468 U.S. at 535.

Birdwell further argues that the district court erroneously held that the Eastern District of Texas was not the proper venue for a lawsuit against U.S. Extraditions to seek redress for the purported injuries that Birdwell sustained during his extradition from Colorado to Texas. Birdwell has not shown that there is a basis for venue in the Eastern District pursuant to the applicable venue statute. *See* 28 U.S.C. § 1391(b). There is no evidence that U.S. Extraditions is a resident of, or may be found in, the Eastern District of Texas. *See* § 1391(b)(1) & (3). Furthermore, the events or omissions giving rise to Birdwell's claims against U.S. Extraditions exclusively occurred outside the Eastern District. *See* § 1391(b)(2).

Finally, Birdwell contends that Colorado authorities incorrectly denied him an extradition hearing prior to his transfer to Texas. However, Birdwell's allegations solely implicate the purported actions of prison officials in Colorado, and Birdwell did not name any Colorado prison officials as defendants in his complaint. Moreover, Birdwell has failed to show that the alleged actions of Colorado authorities during his imprisonment in Colorado concern actors or events that establish venue in the Eastern District of Texas. *See* § 1391(b).

Thus, in light of the foregoing, the district court's judgment is AFFIRMED.