# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60832

BRAD PORTER,

Plaintiff-Appellant

versus

JAMES FARRIS, In His Individual Capacity, for
both Federal and State Law Violations,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi at Aberdeen
1:06-CV-293

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Brad Porter appeals the district court's grant of summary judgment for defendant-appellee James Farris on Porter's claims under 42 U.S.C. § 1983 for arrest without probable cause and under Mississippi state law for malicious prosecution. We affirm.

## I.

Porter is a former employee of the Lowndes County, Mississippi Sheriff's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department. On July 15, 2004, he filed § 1983 claims against both the Lowndes County Sheriff's Department ("the Department") and Lowndes County as a separate entity, as well as state law claims against James Farris, a deputy and criminal investigator with the Department, who was sued in his individual capacity. Porter alleged that his July 2002 indictment, and subsequent arrest, for false pretenses and embezzlement were not based upon probable cause and therefore violated his rights under the Fourth Amendment. The district court, however, granted summary judgment for the Department and Lowndes County, concluding that there was probable cause to indict Porter, and holding in the alternative that Porter had failed to establish that a County policy was the "moving force" behind the alleged constitutional violation. The district court dismissed Porter's state law claims against Farris without prejudice. *Porter v. Lowndes County*, 406 F. Supp. 2d 708, 712–13 (N.D. Miss. 2005) ("*Porter I*"). Porter appealed, and we affirmed without opinion. *Porter v. Lowndes County*, F. App'x 280 (5th Cir. 2006). Porter then filed the instant suit against Farris, alleging under § 1983 that he was arrested without probable cause in violation of the Fourth Amendment and under Mississippi law that he was maliciously prosecuted.

The district court granted Farris's motion for summary judgment, holding that because *Porter I* had already held that there was probable cause to indict Porter, Porter was precluded from relitigating the issue. In reaching this conclusion, the district court adopted the "traditional rule" that independently sufficient alternative findings should be given preclusive effect. *Compare* Restatement of Judgments § 68 cmt. n (1942) ("Where the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative

2

on both grounds, although either alone would have been sufficient to support the judgment.") *with* Restatement (Second) of Judgments § 27 cmt. i (1982) ("If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone."); *see also Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244 (3d Cir. 2006) (collecting cases and adopting First Restatement approach). Porter timely appealed.

## II.

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." *Minter v. Great Am. Ins. Co. of N.Y.*, 423 F.3d 460, 465 (5th Cir. 2005). "We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Holtzclaw v. DSC Communs. Corp.*, 255 F.3d 254, 258 (5th Cir. 2001).

## III.

Because we affirm on other grounds, we do not decide whether Porter's claims are precluded by *Porter I.* Porter alleges that: (1) Farris arrested him without probable cause, (2) the indictment, which preceded his arrest, "must

necessarily have been based upon misrepresentations made by Farris to the Grand Jury, or else, solely upon the fact that Farris recommended the indictment" because certain statements Farris allegedly submitted to the grand jury do not implicate Porter; and (3) Farris withheld crucial exculpatory evidence from the grand jury. The rule in this Circuit is that "once facts supporting an arrest are placed before an independent intermediary such as a . . . grand jury, the intermediary's decision breaks the chain of causation" for a Fourth Amendment claim. *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004) (quotation omitted). However, such a claim "may be maintained if the plaintiff affirmatively shows that the deliberations of that intermediary were in some way tainted by the actions of the defendants." *Id.*; *see also Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994) ("[T]he chain of causation is broken only where all the facts are presented to the grand jury or magistrate and the malicious motive of the officer does not lead him to withhold any relevant information."). Here, the only exculpatory evidence Porter alleges Farris withheld is that Farris questioned Porter's "wife, who had faked the burglary [of Porter's] home, for approximately seven hours[] and tried to get [Porter's] wife to claim [Porter] had committed the burglary." Porter does not allege that his wife's denial of his involvement was not presented to the grand jury. The fact that Porter's wife maintained her denial of his involvement throughout a lengthy interrogation may arguably have some probative value, but its omission is insufficient to raise a fact issue as to whether the grand jury's deliberations were tainted. *Cf. Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006) ("[T]he intentional or reckless omission of *material* facts from a warrant application may amount to a Fourth Amendment violation." (emphasis added)). Further, Porter's conditional and

4

conclusory allegation that Farris made misrepresentations to the grand jury is similarly insufficient to create a fact issue. *See Shields*, 389 F.3d at 150 (holding that conclusory allegations are insufficient to create an issue of fact). Summary judgment on Porter's § 1983 claim was proper.

Summary judgment was also properly granted on Porter's state law malicious prosecution claim. This claim falls under the Mississippi Tort Claims Act. Miss. Code §§ 11-46-1–23. That Act provides that it shall be "the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit." *Keen v. Simpson County*, 904 So. 2d 1157, 1161 (Miss. Ct. App. 2004) (quotation omitted). The Act provides an exemption from liability for claims arising out of acts or omissions of employees "of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection" unless "the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." Miss. Code § 11-46-9(1)(c). The Mississippi Supreme Court has stated that "reckless disregard" is "a higher standard than gross negligence and embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *City of Greenville v. Jones*, 925 So. 2d 106, 110 (Miss. 2006) (quotation omitted). Here, Porter has attached testimony from Farris's deposition in which Farris states that he decided to recommend that Porter be indicted after discussing the case with the district attorney, who told him that there was "more than enough" evidence to indict Porter. This uncontradicted testimony suggests Farris exercised reasonable care in deciding to take the case to the grand jury, and, in light of the insufficiency, as discussed above, of Porter's allegations of wrong-doing by Farris, there is no genuine issue

of material fact as to whether Farris acted with reckless disregard. *See id.* at 121 ("Viewing the evidence in the light most favorable to the Joneses, the most they proved was that one or more of the GPD officers were negligent, thus causing the City of Greenville to be exempt from liability under the [Mississippi Tort Claims Act].").

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.