# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2010

No. 10-60250
Summary Calendar

Lyle W. Cayce
Clerk

CLAY RANDOLPH SHADLEY,

Plaintiff-Appellant

v.

EARL GRIMES, Investigator; KEITH WILDING, Officer; DAVID
SHOEMAKER, Detective,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CV-83

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Clay Randolph Shadley appeals the summary judgment dismissal of his
42 U.S.C. § 1983 complaint against Biloxi Police Department Officers Earl
Grimes, Keith Wilding, and David Shoemaker for false arrest arising out his
arrest for the armed robbery of Kent Johnson. The claims were dismissed
because the arrest was effectuated pursuant to a valid arrest warrant and there
was probable cause for the arrest.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60250

Shadley's briefs are convoluted, but he appears to contend that Grimes failed to conduct an adequate investigation before obtaining a warrant. For support, Shadley appears to argue that an investigation would have revealed that money was withdrawn from Johnson's bank account before the alleged robbery took place and Johnson's injuries were less severe than they were reported or appeared to be. Shadley also appears to argue that Johnson was not a credible witness and complainant because he waited three days to report the alleged robbery; claimed initially that he was involved in an altercation and later that he was robbed; said he was robbed at Shadley and his girlfriend's house, but Shadley and his girlfriend were homeless; and stated that he voluntarily went with Shadley to see his dog even though Shadley had robbed him before.

Grimes averred that he did not know Shadley or know that he was homeless and believed there was probable cause for his arrest. Shadley's unsubstantiated belief otherwise fails to raise a genuine issue of material fact on this point. Grimes also averred that nothing in Johnson's demeanor, appearance, or account caused him to believe or suspect that he was wrong or lying. Based on this record, Shadley failed to show that Grimes's failure to investigate further before obtaining a warrant amounts to "more than negligence." *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989); *cf. Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir. 1992); *see Simmons v. McElveen*, 846 F.2d 337, 338-39 (5th Cir. 1988).

Shadley also contends that Shoemaker falsely testified before the grand jury that Shadley and his girlfriend broke Johnson's arm and ribs whereas the hospital records indicated that Johnson's arm was not broken and his ribs were previously fractured. Shadley did not offer Shoemaker's grand jury testimony into the record. Therefore, his conclusory assertion that Shoemaker falsely testified is insufficient to raise a genuine issue of material fact on this point. *See Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004).

No. 10-60250

Assuming that Shadley's assertions are true, he failed to raise a genuine issue of material fact as to whether the grand jury's deliberations were tainted by Shoemaker's testimony. *See id.* The grand jury charged that Shadley and his girlfriend caused serious bodily injury to Johnson "by breaking his arm and rib bones." The hospital records indicated that Johnson's right hand was fractured. It is unclear if Johnson's ribs had been recently broken, but he was diagnosed with a mild rib injury. Testimony that Johnson's arm and ribs were broken does not materially differ from evidence that Johnson's hand was fractured and ribs were mildly injured. *See Porter v. Farris*, 328 F. App'x 286, 288 (5th Cir. 2009).

Shadley asserts that Officer Lance Chisum stated he assisted taking Johnson's statement but no statement from Johnson was ever introduced. Similarly, he asserts that Wilding stated he assisted in Shadley's arrest but he was already in jail. Shadley appears to be referring to statements made by the Biloxi Police Department on a witness list prepared for the armed robbery trial. Putting aside Shadley's failure to serve and add Chisum as a defendant, he failed to allege a constitutional violation against him or Wilding. In addition, no constitutional violation based on these assertions is apparent from the record. Accordingly, summary judgment was properly granted on these claims.

Shadley moves for production of the transcript of his armed robbery trial, arguing the trial transcript is necessary to support his claims. Shadley did not offer the transcript into the record in the district court. Because Shadley's motion is predicated on expanding the appellate record, which we decline to permit, the motion is DENIED. *See McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008).

The judgment of the district court is AFFIRMED. The motion for production of transcripts is DENIED.

3