**Coady C.L. CRADDICK,
Plaintiff–Appellant,**

v.

**Jack R. DUCKWORTH, Defendant–
Appellee.**

No. 94–3635.

United States Court of Appeals,
Seventh Circuit.

Argued April 11, 1997.

Decided May 5, 1997.

---

Robert J. Palmer, May, Oberfell & Lorber, Thomas Arkell and Charles Winfield (argued), South Bend, IN, for Plaintiff–Appellant.

Seth M. Lahn, Andrew L. Hedges (argued), Office of the Attorney General, Indianapolis, IN, for Defendant–Appellee.

Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff Coady C.L. Craddick is a Native American imprisoned in the Pendleton, Indiana, Reformatory. In August 1993 he filed an amended complaint against the reformatory superintendent alleging that the prison officials violated his First Amendment rights to the free exercise of his Native American Religion when they did not allow him to wear a medicine bag. He requested that Native Americans be given the same rights as other inmates to wear their religious articles. In February 1994 he filed an additional amended civil complaint. He sought damages and a decree permitting him to wear his medicine bag.

In September 1993 the Indiana Department of Corrections advised that the Department was reviewing the possession of sacred objects by prisoners but was continuing the prohibition until its review was completed. In March 1994 the defendant filed an answer admitting that prisoners were permitted to carry religious articles or artifacts only to or from religious ceremonies.

In April 1994 plaintiff filed a "Witness and Exhibit List and Plaintiff's Contentions" stating that defendant continued to deny him access to his medicine bag and other religious objects. In the same month plaintiff filed an "Answer and Defense" claiming that he was still denied the right to wear a medicine bag within the prison.

In June 1994 an assistant superintendent at the Indiana State Reformatory filed a declaration that its policy of restricting inmates wearing religious property was to prevent their use as weapons or tools or as articles of currency, and to avoid disputes among inmates and to promote uniformity in dress.

In October 1994 Judge Tinder granted defendant's motion for summary judgment and filed a supporting entry noting that the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb–1, provides that the government shall not substantially burden a person's exercise of religion unless in furtherance of a compelling governmental interest and using the least restrictive means of furthering that interest. The district judge ob-

served that the reformatory did not permit a medicine bag to be used "for dress or adornment or everyday wear throughout the facility." However, he decided that such denial of a medicine bag did not represent a substantial burden on plaintiff and it was plaintiff's "burden to bear before the more onerous provisions of the RFRA are triggered." The only pertinent authority cited for the court's ruling was *Boone v. Commissioner of Prisons,* 1994 WL 383590 (E.D.Pa. July 21, 1994).* The court concluded that even if defendant's policy substantially burdened plaintiff's free exercise of religion, the policy nevertheless passed muster under the RFRA as "promoting a safe and secure environment" within the prison. The court added that defendant satisfied the criteria established in § 2000bb–1(b)(2) for "the least restrictive means of furthering [a] compelling governmental interest." Summary judgment was granted for defendant, resulting in this appeal.

*Discussion*

 The regulation in question violates the RFRA because the prohibition against wearing a medicine bag under a prisoner's clothing has not been sufficiently justified based on a compelling interest. Defendant has made no showing that this practice is the least restrictive means of furthering its interest in enhanced prison security and has not shown that medicine bags "pose a genuine threat to prison security." *Sasnett v. Sullivan,* 91 F.3d 1018, 1022–1023 (7th Cir.1996). However, plaintiff is not entitled to monetary relief under 42 U.S.C. § 1983 because until *Sasnett,* the illegality of this regulation under the RFRA was unclear. Therefore, defendant was entitled to the defense of qualified immunity. See *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396.

We were advised by an Indiana Reformatory "Operations Directive" dated June 12, 1996 (attached as App. 4 to defendant's brief)

that medicine bags may now be possessed by prisoners if they are "no larger than 2 inches by 2 inches and ¾ inches thick," but the bags must not be "for dress, adornment or everyday wear throughout the facility" and certain restrictions are placed on the items inmates may place in the bags. Therefore, while the judgment is otherwise affirmed, the cause must be remanded to determine whether the modified regulation is still invalid under the RFRA and *Sasnett,* thus requiring appropriate injunctive relief.

Affirmed in part; remanded in part.

---

* Although certain religious documents were temporarily confiscated from Boone's cell, the seizure was justified under RFRA because they indicated that Boone was "organizing an unauthorized and potentially coercive paramilitary-type inmate group" (p. 8). No similar purpose was shown by Craddick's desire to wear a medicine bag under his clothing. Moreover, Boone did not show how the temporary "confiscation of some of his religious documents interfered with his ability to pray or otherwise practice the tenets of his religion" in the United Christian Community Church, organized under Universal Life Church, Inc. *Id.*