**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40408
Summary Calendar

_____

AARON THOMPSON,

                                        Plaintiff-Appellant,

        versus

WAYNE SCOTT; GARY JOHNSON, Warden;
BRENDA CHANEY; RICKY DOSS;
AMADO IGLESIAS; JOSHUA MILES;
TONIA PERRY; BRUCE V. PETERSON;
LANA PODSIM; ROGER WILLIS;
DAVID WORCESTER,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-01-CV-1

_____

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Aaron Thompson, Texas prisoner #872772, appeals the grant of

summary judgment for the defendants in his civil-rights suit under

_____

        *Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) of 2000. Thompson's suit seeks only injunctive relief against named individual defendants who are officials or employees of the Texas Department of Criminal Justice (TDCJ).

Thompson first argues that TDCJ has not updated its Native American religion policy. He claims that this is evidenced by TDCJ's requirement that inmates pass a written test on Native American practices in order to participate in Native American services. Because Thompson has alleged no injury from the testing policy, he has no standing to raise this claim. *See Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318 (5th Cir. 2002).

Thompson next argues that the confiscation of his medicine bag and dream catcher violated his rights. Several of the cases he cites involve the Religious Freedom Restoration Act (RFRA), which has been declared unconstitutional as applied to the states. *See City of Boerne v. Flores*, 521 U.S. 507, 536 (1997). However, the reasoning applied in these cases may still be considered because RLUIPA, which has taken the place of RFRA, applies a very similar test.

At the time Thompson's religious items were confiscated, his travel card did not designate him as a Native American. Therefore, Officer Schroedter confiscated his medicine bag and dream catcher. Thompson has made no showing of anything more than negligence on the part of any defendant with respect to his claims concerning his

medicine bag and dream catcher.  Negligence does not suffice to support a section 1983 claim.  *See Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1988).  Summary judgment denying injunctive relief respecting the claims concerning these items was proper.  Moreover, Schroedter was never served with process nor filed an appearance and hence was not a party to the case.

Thompson also argues that the federal RLUIPA and the Texas Religious Freedom Act overruled the "penological interest" test set forth in *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987), in favor of the "least restrictive means" test.  Yet, he argues, TDCJ continues to restrict inmates, even those who are Native American, from wearing long hair.

We have held that prison regulations requiring prisoners to cut their hair may withstand First Amendment free exercise claims.  *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).  Additionally, even assuming that RLUIPA is constitutional, the RLUIPA standard is nearly the same as that under RFRA, and we upheld TDCJ's regulations regarding hair length under the RFRA standard.  *See Diaz v. Collins*, 114 F.3d 69, 73 (5th Cir. 1997).

However, Thompson also argues that his hair length was in fact within the larger set of prison regulations.  According to Thompson, the Inmate Handbook and AD Manual both stipulate that an inmate's hair must be off the ears and neck and kept in a neat, trimmed manner, as his was.  Despite this policy, he alleged that defendant Assistant Warden Iglesias of the Stevenson Unit where

Thompson is confined requires all inmates there to maintain hair that is no more than one-eighth of an inch long. In these circumstances, it would appear that this Stevenson Unit policy may be invalid unless it is shown that a compelling government interest requires the shaved, one-eighth inch hair length as opposed to a neat, off the ears and cuff haircut, because religious interests are implicated. *See* 42 U.S.C. §2000cc-1(a) (2000). The defendant's motion for summary judgment does not address this claim concerning the alleged special Stevenson Unit policy.

Because the district court did not address this claim, we partially vacate the judgment and remand to the district court for consideration of this issue.[1] We note that certain defendants, such as Scott and Johnson, are apparently not proper defendants for this claim, because it appears that the one-eighth inch hair length policy may be specific to the prison in which Thompson is incarcerated.

Thompson also argues that removal to federal court prejudiced him and was discriminatory. However, his complaint alleged that the defendants had violated his federal First Amendment rights and addressed federal case law. Thus, the removal was proper. See 28 U.S.C. § 1441(b).

Thompson argues that the defendants should have recognized his right to assert the Texas Religious Freedom Act as a defense in

---

[1] We do not preclude the defendants from challenging the constitutionality of RLUIPA if the district court addresses that statute on remand.

disciplinary proceedings. A federal court does not have jurisdiction to enjoin the defendants based on state law. *See Earles v. State Bd. of Certified Pub. Accountants of La.*, 139 F.3d 1033, 1039 (5th Cir. 1998). The district court properly refused to rule on the underlying merits of Thompson's request for injunctive relief under the Texas Religious Freedom Act.

Thompson also argues that the district court exhibited bias against him by assessing a $2.00 initial partial filing fee and a balance of $103.00. The district court's assessment was in accord with the applicable statute, and consequently, Thompson has shown no evidence of bias. *See* 28 U.S.C. § 1915(b). Moreover, under the Prison Litigation Reform Act, if a prisoner brings a civil action *in forma pauperis*, he must pay the full amount of the filing fee. § 804(a)(3).

The judgment of the district court is VACATED in so far as it relates to Thompson's RLUIPA claims concerning his hair length and that portion of the case is REMANDED for further proceedings consistent with this opinion; in all other respects the district court's judgment is AFFIRMED.

AFFIRMED in part; VACATED and REMANDED in part.