# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-40099
Summary Calendar

FREDRICK GOODEN, also known as Ma'Min Al-Naba

Plaintiff-Appellant

V.

C CRAIN; TEXAS BOARD OF CRIMINAL JUSTICE; BILLY PIERCE;
D DRETKE

Defendants-Appellees

* * *

Consolidated with

* * *

No. 06-40184
Summary Calendar

GARRETT GIBB

Plaintiff-Appellant

V.

CHRISTINA CRAIN, Chairperson, Texas Board Criminal Justice; TEXAS
BOARD OF CRIMINAL JUSTICE; DIRECTOR TEXAS BOARD OF
CRIMINAL JUSTICE; BILLY PIERCE, Director of Chaplaincy, In His
Official and Individual Capacity

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-127

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Frederick Gooden, Texas prisoner # 1013573, and Garrett Gibb, Texas prisoner # 1104016, sued the above named defendants under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and under 42 U.S.C. § 1983 for alleged violations of their equal protection rights. The plaintiffs, both of whom are Muslim adherents, argue that they should be permitted to wear quarter inch beards rather than being forced to shave completely. They argue that the Texas Department of Criminal Justice (TDCJ) policy that forces them to be clean shaven is a substantial burden to the practice of their religion and that the grooming policy is not the least restrictive means of imposing such a burden. They argue that inmates with shaving bumps can receive a "clipper shave pass" that allows them to wear a quarter inch beard and that Muslim prisoners should have the same privilege. They both seek damages and injunctive relief.

Gooden consented to have his case presided over by a magistrate judge, but Gibb did not. These cases were not consolidated in the district court. We granted the defendants' motion to consolidate the cases on appeal.

In Gooden's case, the defendants and Gooden filed cross motions for summary judgment. The magistrate judge held an evidentiary hearing which she described as "a hearing on the motion for summary judgment on equal protection and then [for the purpose of] taking evidence for the injunctive relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sought under RLUIPA." After hearing witnesses from both sides, the magistrate judge determined that the defendants were entitled to summary judgment, and she dismissed Gooden's complaint. Relying on her opinion in Gooden's case, the magistrate judge determined that Gibb's complaint should be dismissed as frivolous and for failure to state a claim on which relief may be granted, and she recommended dismissing Gibb's complaint with prejudice. The district court accepted the recommendation and dismissed Gibb's complaint.

Gooden and Gibb both argue that the summary judgment in favor of the defendants against Gooden and dismissal of Gooden's complaint was erroneous. Gooden argues that he was not given notice that the magistrate judge was conducting a bench trial and that he believed that the hearing was only an evidentiary hearing on his motion for summary judgment and to determine whether a preliminary injunction should be issued. He argues that, as the magistrate judge resolved genuine material facts that were disputed, the decision dismissing his complaint was made in error. Gibb argues that it was error for the district court to rely on the erroneous decision in Gooden's case in determining that his complaint should be dismissed.

This court reviews a district court's grant of summary judgment de novo. Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper where the pleadings and summary judgment evidence present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A factual dispute will preclude an award of summary judgment if the evidence shows that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Pursuant to RLUIPA, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution,"

unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means." 42 U.S.C § 2000cc-1(a).

The magistrate judge determined that summary judgment should be granted in favor of the defendants and dismissed Gooden's RLUIPA claims, finding that the grooming policy did not impose a substantial burden on the practice of Gooden's religious beliefs. Alternatively, the magistrate judge concluded that the grooming policy "furthers the compelling governmental interest of security and does so by the least restrictive means." Whether the grooming policy imposes a substantial burden on the practice of Gooden's religious beliefs and, if so, whether the grooming policy is the least restrictive means of so doing were facts contested by the parties.[1] Because summary judgment is proper only when there is no genuine issue of material fact, the magistrate judge erred in granting the defendants' motion for summary judgment with respect to Gooden's RLUIPA claim and in dismissing that claim. See Celotex Corp., 477 U.S. at 322. Because Gooden has set forth specific facts showing the existence of a genuine issue for trial, we vacate the magistrate judge's decision dismissing this issue and remand the case for further proceedings.

The dismissal of an IFP complaint as frivolous is typically reviewed for abuse of discretion; however, where the district court also finds that the complaint fails to state a claim, as here, it is reviewed de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). In light of the magistrate judge's error in resolving disputed facts relating to Gooden's RLUIPA claim, it cannot

---

[1]To the extent the state argues that Diaz v. Collins, 144 F.3d 69 (5th Cir. 1997), disposes of the plaintiffs' claims, we note that Diaz is factually distinguishable. In Diaz, the plaintiff, a Native American, wanted to grow his hair long in accordance with his religious beliefs; here, the plaintiffs want to grow quarter inch beards. We do not express any view as to how those facts alter the analysis under RLUIPA, but note only that those differences must be taken account of.

be said that the district court correctly concluded that Gibb's RLUIPA claim is frivolous or fails to state a claim upon which relief could be granted. Therefore, we vacate the dismissal of Gibb's RLUIPA claim and remand the case for further proceedings.

Gooden does not argue that the magistrate judge improperly resolved any disputed fact with respect to his equal protection claim; rather, he argues that the hearing itself was improper. To the extent that the hearing was conducted to determine whether there were disputed factual issues relating to this claim, the magistrate judge did not err in holding a hearing. See FED. R. CIV. P. 56. Because there were no disputed genuine issue of material fact relating to Gooden's equal protection claim, there was no error with respect to the grant of summary judgment on and the dismissal of this claim. See Celotex, 477 U.S. at 322.

Gibb argues that the dismissal of his equal protection claim was improper. Gibb argues that he can demonstrate that the defendants acted with a discriminatory purpose in creating the grooming policy, but he argues that the discrimination against him was based on his race, Caucasian, not on his religion. Gibb's assertion that the grooming policy was "designed and enacted specifically to allow only black prisoners to wear a beard" lacks an arguable basis in fact and is not plausible on its face. The district court did not err in dismissing this claim. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); Geiger, 404 F.3d at 373.

With respect to Gooden's request for damages and the issue of the defendants' qualified immunity, the magistrate judge did not make a determination whether damages are available under RLUIPA, and she noted that other courts had expressed uncertainty in that regard. The magistrate judge concluded that, "[t]o the extent that damages are potentially available in the present case, neither prong of the qualified immunity analysis is satisfied." Gooden does not challenge this conclusion on appeal, and we will not consider

it now.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

In Gibb's case, the defendants argued in their motion for summary judgment that they were entitled to qualified immunity only for the purposes of Gibb's equal protection claim.  They did not argue that they were entitled to qualified immunity for the purposes of Gibb's RLUIPA claim, nor did they argue that damages are not available under RLUIPA.  Because there was no ruling on the issue whether Gibb is entitled to damages on his RLUIPA claim, the district court should resolve this issue when it rules on the merits of Gibb's RLUIPA claim.

Gooden argues that the magistrate judge erred when she denied his motion for class certification.  "[T]he district court maintains substantial discretion in determining whether to certify a class action," and this court reviews such a determination only for abuse of discretion.  Allison v. Citgo Petroleum Corp., 151 F.3d 402, 408 (5th Cir. 1998).  "Whether the district court applied the correct legal standard in reaching its decision on class certification, however, is a legal question that we review de novo."  Id.  Because it is unclear that the magistrate judge considered the requirements of FED. R. CIV. P. 23, we vacate the denial of Gooden's motion for class certification, and, without expressing an opinion on the merits of the motion, we remand for the magistrate judge to consider it under the standard set forth in FED. R. CIV. P. 23.

Finally, Gooden argues that the magistrate judge's failure to consider his state law claims was an abuse of discretion.  Gooden's state law claims were set forth in Gooden v. Stringfellow, 6:02-cv-452, a case that was dismissed prior to his instant suit.  Gooden attempted to incorporate his pleadings from that case without attaching them as an exhibit to the pleadings in the instant case.  Such incorporation is not contemplated by FED. R. CIV. P. 10(c).  The magistrate judge's decision to consider those claims was not an abuse of discretion.

We vacate the dismissal of Gooden's and Gibb's claims for injunctive relief under RLUIPA and remand for further proceedings. To the extent that Gibb seeks damages based on the alleged RLUIPA violation, the district court should determine whether he is entitled to the same. We vacate the order denying Gooden's motion for class certification and remand, without expressing an opinion on the merits of the motion, for consideration under the standard set forth in FED. R. CIV. P. 23. In all other respects the judgments are affirmed.

Gooden has requested that his hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), be transcribed at the Government's expense so that he can prove that he requested a jury trial at that hearing. We have watched the Spears tape, and Gooden did request a jury trial at that hearing. However, on appeal, Gooden makes no legal argument with respect to his request for a jury trial. We need not resolve the issue whether Gooden is entitled to a jury trial on remand because he has not adequately briefed that issue on appeal. See Hughes, 191 F.3d at 613; Brinkmann, 813 F.2d at 748. Gooden does not need a transcript proving he requested a jury trial for us to properly dispose of his appeal. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985). Gooden's motion for production of a transcript at the Government's expense is denied.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION DENIED.