# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2009

Charles R. Fulbruge III
Clerk

No. 06-41165
Summary Calendar

SHAWN K. ODNEAL

Plaintiff-Appellant

v.

BILL PIERCE; ROBERT KIBBE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-454

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shawn K. Odneal, a Native American religious practitioner, appeals the district court's dismissal of his RLUIPA[1] claims challenging prison regulations restricting the length of his hair, limiting his wearing of a medicine pouch, and requiring that a chaplain or qualified volunteer be present in order to hold

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] "RLUIPA" is shorthand for the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-2000cc-5.

religious ceremonies. He also appeals the district court's denial of numerous motions for joinder filed by potential plaintiffs who are not parties to this appeal. For the reasons below, we affirm in part and reverse and remand in part the district court's judgment.

I.

Odneal, a prisoner incarcerated in the Texas Department of Criminal Justice (TDCJ) McConnell Unit, practices the Native American faith. In addition to other claims not the subject of this appeal, he sued claiming that certain TDCJ policies violate the RLUIPA, which protects the religious practices of institutionalized persons. Specifically, Odneal contends that the defendants have failed to secure additional Native American chaplains and volunteers resulting in an inadequate frequency of religious ceremonies. While TDCJ regulations authorize Native American religious ceremonies twice a month, Odneal claims that he and the other eighteen Native Americans in the McConnell Unit are provided faith ceremonies only once every two to three months. Odneal also challenges TDCJ policies which forbid him from wearing a kouplock and carrying his medicine pouch at all times.[2] According to Odneal, a kouplock is a small patch of hair at the base of the skull which symbolizes long hair.

Following a *Spears*[3] hearing, the district court dismissed Odneal's claims concerning his kouplock and medicine pouch under 28 U.S.C. § 1915A for failure to state a claim. The court found Odneal's challenge to the TDCJ's policy forbidding long hair foreclosed by our decision in *Diaz v. Collins*, 114 F.3d 69, 73 (5th Cir. 1997). The court also found that the TDCJ's policy limiting the wearing

---

[2] According to the defendants, the TDCJ's policies permit Native American prisoners to carry their medicine pouches during religious ceremonies and in their cells.

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

of medicine pouches has a valid, rational connection to the prison's security interests.

The district court granted summary judgment on Odneal's remaining claim challenging the frequency of religious services. The district court relied on our decision in *Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004), where we held that the TDCJ's uniform requirement that a qualified outside volunteer be present at religious ceremonies does not place a substantial burden on inmates' religious practices. *Id.* at 571. During the course of the proceedings below, the district court also denied numerous motions for joinder filed by Native American prisoners in the McConnell Unit who are not parties to this appeal.

In this appeal, Odneal challenges only the district court's dismissal of his RLUIPA claims and its denial of the various motions for joinder. Odneal contends primarily that the district court failed to analyze his claims under the RLUIPA's heightened standard of review, instead applying the standard applicable to stand-alone free exercise challenges. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987).[4]

## II.

We review de novo the district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). As Odneal is a pro se litigant, we must construe his pleadings liberally, dismissing only if he could prove no set of facts that would entitle him to relief. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

We review the district court's adverse summary judgment on Odneal's RLUIPA claim de novo, applying the same standard as the district court. *See*

---

[4] Odneal also filed a motion for summary reversal styled as a "motion to take judicial notice" based upon Respondent's untimely filing of a response brief. Respondent sought leave and was granted permission to file a brief out of time. Accordingly, Odneal's motion for summary reversal should be denied.

*Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Summary judgment is appropriate "if the pleadings, depositions, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

We address first Odneal's challenge to the dismissal of his RLUIPA claims. Odneal contends that the district court erred by relying on the legitimate penological interests test of *Turner*, 482 U.S. at 89-91, instead of the RLUIPA's compelling governmental interest and least restrictive means test. We have recognized that "the RLUIPA standard poses a far greater challenge than does *Turner* to prison regulations that impinge on inmates' free exercise of religion." *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 858 n.1 (5th Cir. 2004). Congress has also mandated that courts construe the Act "in favor of a broad protection of religious exercise," to the maximum extent permitted by law. 42 U.S.C. § 2000cc-3(g). Thus, we agree that *Turner* does not present the standard of review for a RLUIPA claim.

Under the RLUIPA, the initial burden rests on the religious adherent to demonstrate that the challenged governmental policy substantially burdens the adherent's exercise of religion. *See* 42 U.S.C. § 2000cc-1(a); 42 U.S.C. § 2000cc-2(b). This requires courts to answer two questions: (1) Is the burdened activity "religious exercise," and if so, (2) is the burden substantial? Assuming the plaintiff makes this prima facie showing, the burden then shifts to the defendants to demonstrate that the challenged policies are the least restrictive means of furthering a compelling governmental interest. *Id.*; 42 U.S.C. § 2000cc-2(b).

The district court dismissed Odneal's RLUIPA challenge to the TDCJ's policy banning long hair in summary fashion, noting that this Court "upheld the TDCJ's regulations regarding hair length under the RFRA [Religious Freedoms

Restoration Act] standard." *See Diaz,* 114 F.3d at 73. The district court also correctly noted that the RLUIPA standard is nearly identical to that employed by the RFRA, *Cutter,* 544 U.S. at 714-16, and thus deemed *Diaz* conclusive of Odneal's challenge. But the RLUIPA's standards cannot be applied to a particular governmental policy in a generic fashion; it is not enough to say that the "grooming policy" has been upheld when the case at hand deals with something potentially very different from *Diaz.* In *Diaz*, a Native American prisoner challenged the TDCJ's policy regulating hair length, arguing that his faith required him to maintain long hair. 114 F.3d at 72-73. We rejected that challenge, concluding that the ban on long hair constituted the least restrictive means of furthering the TDCJ's compelling interest in preventing the transfer of weapons and contraband and ensuring that escaped inmates could not alter their appearances. *Id.* at 73.

But we recently concluded that *Diaz*'s reasoning concerning long hair is not dispositive of a challenge to the TDCJ's hair policy brought by a Muslim inmate seeking to wear a quarter-inch beard. *Gooden v. Crain*, 255 Fed. App'x 858, 861 n.1 (5th Cir. 2007) (unpublished). We noted that the differences between long hair and quarter inch beards altered the RLUIPA analysis, although we declined to articulate precisely how. *Id.*; *see also Thompson v. Scott*, 86 Fed. App'x. 17, 18-19 (5th Cir. 2004) (unpublished) (holding that government must show a compelling governmental interest to sustain a requirement of one-eighth inch haircut against a RLUIPA challenge by an inmate with a neat "off the ears" haircut). The same reasoning applies here. On this limited record, we do not know the dimensions of the kouplock Odneal requests permission to wear. There may be distinctions, unexplored by the district court on this record, between the security risks presented by prisoners maintaining a full head of long hair and those wearing a small patch of long hair at the base of their skulls.

Thus, the district court erred in concluding that *Diaz*'s reasoning is conclusive of Odneal's challenges to the TDCJ's policy restricting his growing of a kouplock.

We also agree with Odneal that the district court analyzed his RLUIPA challenge to the TDCJ's policy limiting his wearing of a medicine pouch under the wrong standard. The district court relied on the standard from *Turner*, 482 U.S. at 89-91 – asking whether the policy was rationally connected to the TDCJ's security interests – rather than on the RLUIPA's compelling interest/least restrictive means standard.[5]

The defendants nevertheless contend that we can affirm the district court's dismissal for failure to state a claim because the TDCJ's policy does not substantially burden Odneal's religious practice. They note that Odneal does not claim that wearing a medicine pouch at all times is required by his religion. The defendants point to *Diaz*, where we held that a Native American adherent had not demonstrated that the TDCJ's policy concerning medicine pouches substantially burdened his religious practice because the record showed that wearing a medicine pouch was not a required tenet of the Native American faith. *Diaz*, 114 F.3d at 72. But, as mentioned, *Diaz* was decided under the RFRA, not the RLUIPA. Although the standards employed by the two statutes are substantially similar, they differ in at least one key respect: Under the RLUIPA, "religious exercise" consists of "any exercise of religion, *whether or not compelled by, or central to*, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A) (emphasis added). Thus, we have held "that no test for the presence of a 'substantial burden' in the RLUIPA context may require that the religious exercise that is claimed to be [ ] burdened be central to the adherent's religious

---

[5] Indeed, in this part of its analysis, the district court cited to two cases from other circuits decided prior to the passage of either the RFRA or the RLUIPA. *See Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991); *Friend v. Kolodzieczak*, 923 F.2d 126 (9th Cir. 1991).

belief system." *Adkins*, 393 F.3d at 570.[6] As such, the centrality of wearing a medicine pouch to the Native American faith is not dispositive of Odneal's claim.

The defendants also contend that the limitations on wearing the medicine pouch are designed to further a compelling interest in prison security. Because this issue was decided under 28 U.S.C. § 1915A for failure to state a claim, no evidence was developed on the question of whether the limits placed on Odneal's wearing of the pouch were the least restrictive means of furthering a compelling governmental interest. It may very well be that defendants are right, but we cannot say that TDCJ's restrictions are appropriate as a matter of law on this record. *See Craddick v. Duckworth*, 113 F.3d 83, 84 (7th Cir. 1997) ("Defendant has made no showing that this practice [of restricting medicine bags] is the least restrictive means of furthering its interest in enhanced prison security . . . ."). Thus, we reverse the dismissal without prejudice to the district court's consideration of this matter on an appropriate preliminary motion or at trial.

Odneal further argues that the district court improperly granted summary judgment for the defendants on his RLUIPA challenge to the frequency of religious services held at the McConnell Unit. With the exception of Muslims, who are subject to a special court order, every religious group at the McConnell Unit is required to have a qualified outside volunteer present at religious ceremonies. The record shows that the infrequency of Native American services at the McConnell Unit is due to a dearth of outside volunteers rather than any regulation directly prohibiting these ceremonies. The record details the defendants' failed efforts to secure additional volunteers and chaplains for the Native American services. In *Adkins*, we held that the TDCJ's requirement that an outside volunteer be present at religious services did not place a substantial burden on plaintiff-prisoner's exercise of religion. 393 F.3d at 571. As in this

---

[6] Under the RFRA, several circuits required that the burdened religious exercise be "central" to the adherent's religion. *See Adkins*, 393 F.3d at 568 n.34 (collecting cases).

case, the record in *Adkins* showed that the infrequency of religious services arose from the lack of volunteers, rather than any direct prohibition on services. *Id*. Odneal contends that the district court applied the wrong standard of review; but *Adkins* was decided under the RLUIPA. *Id*. Odneal's brief is focused exclusively on his standard of review argument; he does not attempt to explain how his challenge can be squared with our decision in *Adkins*. Accordingly, we find no error in the district court's summary judgment ruling.

Finally, Odneal contends that the district court improperly denied numerous motions for joinder filed by prisoners at the McConnell unit who are not parties to this appeal. "[A] party generally may not appeal a district court's order to champion the rights of another . . . ." *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994). An indirect stake in the claims of another party is not sufficient to create standing on appeal. *Id*. Rather, the injury must be real and immediate, not conjectural or hypothetical. *Id*. Odneal lacks standing to appeal the district court's rulings concerning other prisoners.

## III.

We DENY Odneal's Motion for Summary Reversal. We REVERSE the district court's dismissal of Odneal's RLUIPA challenges concerning his kouplock and medicine pouch and REMAND those claims for further proceedings. We AFFIRM in all other respects.